1   COOLEY LLP
    THOMAS J. FRIEL, JR. (State Bar No. 80065)
2   (tfriel@cooley.com)
    101 California Street, 5th Floor
3   San Francisco, CA  94111-5800
    Telephone:     (415) 693-2000
4   Facsimile:     (415) 693-2222

5   WAYNE O. STACY (pro hac vice)
    (stacywo@cooley.com)
6   ORION ARMON (pro hac vice)
    (oarmon@cooley.com)
7   COOLEY LLP
    380 Interlocken Crescent
8   Suite 900
    Broomfield, CO  80021-8023
9   Telephone:     (720) 566-4000
    Facsimile:     (720) 566-4099
10
    Attorneys for Defendant
11  Quest Software, Inc.

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                  OAKLAND DIVISION

15  CENTRIFY CORPORATION,                Case No.  C 10-3873-CW
16                    Plaintiff,         **QUEST SOFTWARE'S NOTICE OF**
17          v.                           **MOTION AND MOTION TO DISMISS**
                                         **PLAINTIFF'S COMPLAINT;**
18  QUEST SOFTWARE, INC.,                **MEMORANDUM OF POINTS AND**
                                         **AUTHORITIES IN SUPPORT**
19                    Defendant.         **THEREOF**

20                                       Date: December 2, 2010
                                         Time: 2:00 PM
21                                       Location: Courtroom 2, 4th Floor
                                         Judge: Hon. Claudia Wilken
22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# Table of Contents

**Page**

I.    INTRODUCTION AND FACTUAL BACKGROUND ..................................................... 1

II.   STATEMENT OF ISSUES TO BE DECIDED ........................................................ 1

III.  LEGAL STANDARD ......................................................................................... 1

IV.   ARGUMENT .................................................................................................... 2

    A.    Centrify's Direct Infringement Claim Fails To State A Claim On Which
        Relief May Be Granted ........................................................................... 2

    B.    Centrify's Indirect Infringement Claims Fail To State A Claim On Which
        Relief May Be Granted ........................................................................... 4

        1.    Centrify's Indirect Infringement Claims Are Unsupported By Any
            Well-Pled Facts And Fail To State Plausible Claims For Relief ............... 4

        2.    Centrify Fails To Plead All Of The Elements Of Inducement Or
            Contributory Infringement ..................................................................... 5

            a.    Centrify Fails To Plead All Of The Elements Of Inducement ........ 5

            b.    Centrify Fails To Plead All Of The Elements Of
                Contributory Infringement ................................................................. 5

V.    CONCLUSION ................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Acco Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*,
  501 F.3d 1307 (Fed. Cir. 2007)................................................................. 5

*Ashcroft v. Iqbal*,
  556 U.S. ---, 129 S.Ct. 1937 (2009) ................................................ *passim*

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................... 1, 2

*California Institute of Computer Assisted Surgery v. Med-Surgical Services, Inc.*,
  No. 10-02042 CW, 2010 WL 3063132 (N.D. Cal. Aug. 3, 2010) ................... 3, 4

*Elan Microelectronics Corp. v. Apple, Inc.*,
  No. C 09-01531 RS, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009).............. 3, 4

*Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*,
  No. C 09-03524 CW, 2010 WL 1221861 (N.D. Cal. Mar. 24, 2010) .............. 5

*Halton Co. v. Streivor, Inc.*,
  No. C 10-00655 WHA, 2010 WL 2077203 (N.D. Cal. May 21, 2010)............. 5, 6

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,
  507 U.S. 163 (1993) ..................................................................... 1

*Quest Software, Inc. v. Centrify Corp.*,
  No. 2:10-cv-00859-TS (D. Utah) (filed August 27, 2010) ......................... 1

STATUTES

35 U.S.C.
  § 271 ................................................................................. 2
  § 271(a) ............................................................................. 2
  § 271(b) ............................................................................. 4
  § 271(c) ............................................................................. 4, 6

OTHER AUTHORITIES

FED. R. CIV. P.
  8 ........................................................................... *passim*
  8(a)(2) .............................................................................. 1
  12(b)(6) ............................................................................. 1

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 10-cv-03873-CW                    ii.                    NOTICE OF MOTION; MOTION TO DISMISS; AND
                                                                 MEMORANDUM OF POINTS AND AUTHORITIES

1

2

## NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

3

4

5

6

7

8

9

PLEASE TAKE NOTICE that on December 2, 2010, at 2:00 p.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Claudia Wilken, Quest Software, Inc. will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of Centrify Corp.'s complaint for failure to state a claim upon which relief may be granted.   Centrify's complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and therefore should be dismissed.  This motion is supported by the following Memorandum of Points and Authorities filed below.

10

11

Dated: October 21, 2010                    COOLEY LLP

12

13

14

15

/s/ *Orion Armon*
_____
Thomas J. Friel, Jr. (State Bar No. 80065)
Wayne O. Stacy (pro hac vice)
Orion Armon (pro hac vice)

Attorneys for Defendant Quest Software, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 10-cv-03873-CW

NOTICE OF MOTION; MOTION TO DISMISS; AND
MEMORANDUM OF POINTS AND AUTHORITIES

### <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

## I.   INTRODUCTION AND FACTUAL BACKGROUND

Three days after Quest sued Centrify for patent infringement in Utah (*see Quest Software, Inc. v. Centrify Corp.*, No. 2:10-cv-00859-TS (D. Utah) (filed August 27, 2010)), Centrify rushed to file a two-page complaint against Quest in this Court.  Centrify's knee-jerk patent infringement complaint should be dismissed because it fails every pleading requirement of Federal Rule of Civil Procedure 8.

Centrify's complaint includes no fact-based allegations to support its claim of patent infringement.  Centrify's entire infringement allegation is contained in a single sentence of text and is made on information and belief.  No evidence is offered to explain the infringement allegation or show why it is plausible.  Centrify even failed to include all of the statutory elements for its active inducement and contributory infringement claims.

Centrify's complaint fails to provide Quest fair notice of the nature of its claims, or of the grounds on which it rests.  The Court should therefore dismiss Centrify's complaint in its entirety.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Should the Court dismiss Centrify's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted?

## III.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  If a complaint fails to satisfy Rule 8, it "must be dismissed" under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When considering a motion to dismiss under Rule 12(b)(6), a court should take the allegations as true and construe them in the light most favorable to plaintiff.  *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993).  But this rule is inapplicable to legal conclusions.  "Threadbare recitals of the elements of a cause of

1  action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. ---,
2  129 S.Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the complaint's
3  framework, they must be supported by factual allegations." *Id.* at 1950.

4  Even when a complaint pleads more than legal conclusions, it still may not satisfy
5  Rule 8—Rule 8 is only satisfied when the facts recited in the complaint are sufficient to push the
6  claims "across the line from conceivable to plausible[.]" *Iqbal*, 129 S.Ct. at 1951 (quoting
7  *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the plaintiff pleads factual
8  content that allows the court to draw the reasonable inference that the defendant is liable for the
9  misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

10 **IV. ARGUMENT**

11 Centrify's patent infringement complaint fails to state a claim on which relief may be
12 granted. Centrify's entire infringement allegation is contained in a single sentence in Paragraph
13 11 of its complaint:

14         11. Centrify is informed and believes, and thereon alleges, that
15         in violation of 35 U.S.C. § 271, Quest has been and is currently
16         directly infringing, contributorily infringing and/or inducing
17         infringement of one or more claims of the '005 Patent, by, among
18         other things, making, using, selling, offering for sale, importing into
19         the United States and/or exporting from the United States its Quest
20         Authentication Services software, including version 4.0.

21 D.I. 1 ¶ 11. Centrify's allegations of direct and indirect infringement are made "on information
22 and belief" without any supporting fact-based allegations. Each of the deficiencies in Centrify's
23 claims are discussed in more detail below.

24     **A. Centrify's Direct Infringement Claim Fails To State A Claim On Which Relief May Be Granted**
25

26 Centrify's direct infringement allegation under 35 U.S.C. § 271(a) fails the Rule 8
27 pleading standard for two reasons:

28

First, the allegation is nothing but a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949-50. Centrify recites the elements of a claim for direct infringement and ends with the conclusory assertion that Quest's Authentication Services product infringes. D.I. 1 ¶ 11. No facts are offered to support the claim. According to the Supreme Court, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id*. at 1950. Centrify's direct infringement claim includes no factual allegations, so it should be dismissed. *Id*.

Second, the direct infringement claim fails to state a plausible claim for relief. To state a plausible claim for relief, the plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Centrify's complaint contains no well-pled factual allegations, so its claim for relief fails the plausibility test. *Iqbal*, 129 S.Ct. at 1951 (holding that the facts recited must be sufficient to push the claims 'across the line from conceivable to plausible').

On very similar facts, this Court dismissed a claim for direct infringement in *California Institute of Computer Assisted Surgery v. Med-Surgical Services, Inc.*, No. 10-02042 CW, 2010 WL 3063132 (N.D. Cal. Aug. 3, 2010). In *California Institute*, the complaint recited the elements of a cause of action for direct infringement and concluded with the assertion that "Med-Surgical's use of CBYON Systems infringes one or more of the claims of [the patent]." *Id*. at *1. The Court held that:

> Plaintiff's complaint merely reiterates the bare elements of patent infringement. It fails to allege with any specificity what CBYON systems is and how it infringes upon any of its four patents. Because it fails to provide the factual grounds on which its infringement claims rest, it does not state a legally cognizable claim.

*Id*. at *2. Centrify's complaint has the same deficiencies.

Other Northern District courts have recently dismissed complaints for direct infringement in factually analogous situations. In *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   RS, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009), the court dismissed a claim for direct

2   infringement asserted by Apple.   Like the claims asserted by Centrify, Apple's direct

3   infringement claim was made on "information and belief." *Id*. at *2.  And, like Centrify's claim,

4   Apple merely recited the statutory elements of infringement and asserted that the accused

5   SmartPad device infringed.  *Id*.   The court found that "this pleading plainly falls within the

6   prohibition against 'threadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements,'" and dismissed the claim.  *Id*.  The same result is warranted here.

8          **B.     Centrify's Indirect Infringement Claims Fail To State A Claim On Which
              Relief May Be Granted**
9

10         In addition to alleging that Quest directly infringes the '005 patent, Centrify's complaint

11  accuses Quest of actively inducing others to infringe, and of contributing to infringement.  These

12  allegations of indirect infringement under 35 U.S.C. § 271(b) and (c) are distinct theories of

13  infringement that must independently satisfy Rule 8's pleading requirements.

14         Centrify's indirect infringement claims fail the Rule 8 pleading standard for two reasons.

15  First, the claims are unsupported by any well-pled facts, and fail to state plausible claims for

16  relief.  Second, and more fundamentally, Centrify's complaint fails to allege all of the statutory

17  elements required for proving inducement or contributory infringement under 35 U.S.C. § 271(b)

18  and (c).

19         **1.     Centrify's Indirect Infringement Claims Are Unsupported By Any
              Well-Pled Facts And Fail To State Plausible Claims For Relief**
20

21         Centrify's active inducement and contributory infringement claims fail to satisfy Rule 8

22  for both of the reasons that its direct infringement claim is insufficient—the claims are

23  unsupported by any well-pled facts and fail to state plausible claims for relief.  *See Iqbal*, 129

24  S.Ct. at 1950-51; *California Institute of Computer Assisted Surgery*, 2010 WL 3063132 at *2;

25  *Elan Microelectronics Corp.*, 2009 WL 2972374 at *2.  These failures alone require dismissal of

26  Centrify's indirect infringement claims.

27

28

**2.     Centrify Fails To Plead All Of The Elements Of Inducement Or Contributory Infringement**

**a.     Centrify Fails To Plead All Of The Elements Of Inducement**

To properly plead inducement, Centrify must allege (1) that there has been direct infringement by some party other than Quest, and (2) that Quest knowingly induced infringement and possessed specific intent to encourage another's infringement. *Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. C 09-03524 CW, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010) (quoting *Acco Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*, 501 F.3d 1307 (Fed. Cir. 2007)).

Centrify's complaint fails to state a claim for active inducement because it does not allege all of the statutory elements.  First, the complaint fails to allege that any entity *other than* Quest directly infringes the '005 patent.  *See* D.I. 1 ¶ 11.  Second, Centrify fails to allege that Quest knowingly induced infringement or that it possessed specific intent to encourage another's infringement.  *Id*.  Centrify's complaint cannot overcome either of these shortcomings because it does not offer any well-pled facts that might allow the court to reasonably infer that all of the statutory elements were pled, albeit with a lack of clarity.  Centrify's inducement allegations fail the Rule 8 pleading standard and should be dismissed.  *Iqbal*, 129 S.Ct. at 1949.

Other Northern District courts have recently dismissed complaints for active inducement because plaintiffs failed to plead all of the statutory elements.  In *Halton Co. v. Streivor, Inc.*, No. C 10-00655 WHA, 2010 WL 2077203 (N.D. Cal. May 21, 2010), the court dismissed an active inducement claim because the plaintiff failed to identify the direct infringer, failed to allege specific intent to induce infringement, and failed to include any well-pled facts showing that the claim was plausible.  *Id*. at *2.  Centrify's active inducement claim has all of the same shortcomings.

**b.     Centrify Fails To Plead All Of The Elements Of Contributory Infringement**

To properly plead contributory infringement, Centrify must allege that Quest (1) offers to sell or sells within this country a component of a patented product constituting a material part of

1  the invention, (2) knowing the same to be especially made for use in an infringement and not a

2  staple article of commerce. *Halton Co.*, 2010 WL 2077203 at *2 (quoting 35 U.S.C. § 271(c)).

3       Centrify's contributory infringement claim fails because it does not include all of the

4  statutory elements.  First, Centrify fails to allege that Quest Authentication Services is a

5  component of a patented product or system. *See* D.I. 1 ¶ 11.  Second, Centrify fails to allege that

6  Quest knew or knows that its Authentication Services product is especially made for use in an

7  infringing product. *Id*.  Third, Centrify fails to allege that the Authentication Services product is

8  not a staple article of commerce capable of substantial non-infringing uses. *Id*.  Again, Centrify's

9  complaint cannot overcome these shortcomings because it does not offer any well-pled facts that

10  might allow the court to reasonably infer that all of the statutory elements were pled, albeit

11  unclearly.  For all of these reasons, Centrify's contributory infringement claim fails to satisfy the

12  Rule 8 pleading standard and should be dismissed. *Iqbal*, 129 S.Ct. at 1949.

13       Like Centrify's inducement claim, dismissal of Centrify's contributory infringement claim

14  is supported by *Halton Co. v. Streivor, Inc*.  The *Halton* court dismissed the plaintiff's claim for

15  contributory infringement because the complaint failed to allege (1) that the accused product was

16  a component of a patented machine, or (2) that the accused product was not capable of substantial

17  non-infringing uses. *Halton*, 2010 WL 2077203 at *2.  Centrify's contributory infringement

18  claim is even more deficient than the claim at issue in *Halton*.  Centrify's complaint shares the

19  deficiencies that led to dismissal of Halton's complaint, and further fails to include any well-pled

20  facts showing that Quest had knowledge that the accused Authentication Services product is

21  "especially made for use in an infringing product."

22  **V.    CONCLUSION**

23       Centrify's one-sentence infringement allegation fails to include any well-pled fact to show

24  that it is entitled to the relief it requests.  Centrify's claims of direct and indirect infringement are

25  not plausible.  And Centrify even failed to include all of the elements required for properly

26  pleading active inducement or contributory infringement.  Centrify's entire complaint fails Rule

27  8's pleading requirements and should be dismissed.

28

1    Dated: October 21, 2010                    COOLEY LLP

2

3                                               /s/ *Orion Armon*

4                                               Thomas J. Friel, Jr. (State Bar No. 80065)
                                                Wayne O. Stacy (pro hac vice)
5                                               Orion Armon (pro hac vice)

6                                               Attorneys for Defendant Quest Software, Inc.

7

8    346573 v1/CO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28