COOLEY LLP
THOMAS J. FRIEL, JR. (State Bar No. 80065)
(tfriel@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

WAYNE O. STACY (pro hac vice)
(stacywo@cooley.com)
ORION ARMON (pro hac vice)
(oarmon@cooley.com)
COOLEY LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

Attorneys for Defendant
Quest Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTRIFY CORPORATION,<br><br>          Plaintiff,<br><br>     v.<br><br>QUEST SOFTWARE, INC.,<br><br>          Defendant. | Case No.  C 10-3873-CW<br><br>**QUEST SOFTWARE'S NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 20, 2011<br>Time: 2:00 PM<br>Location: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

<u>**NOTICE OF MOTION AND MOTION TO STAY**</u>

**TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 20, 2011, at 2:00 p.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Claudia Wilken, Quest Software, Inc. will, and hereby does, move this Court to stay this litigation pending the outcome of the *inter partes* reexamination of the patent-in-suit by the United States Patent and Trademark Office.  All

eight claims in the patent-in-suit were rejected as invalid and unpatentable in the non-final office action that accompanied the Patent Office's grant of Quest's petition for reexamination. A stay is justified because (1) this litigation has just commenced, (2) the *inter partes* reexamination will streamline issues for trial, and (3) any potential delay associated with the stay will not unfairly prejudice Centrify. This motion is supported by the following Memorandum of Points and Authorities.

Dated: December 9, 2010                    COOLEY LLP


                                           /s/ *Orion Armon*

                                           Orion Armon (pro hac vice)

                                           Attorneys for Defendant Quest Software, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

An *inter partes* reexamination is underway at the United States Patent and Trademark Office concerning U.S. Patent No. 7,591,005 (the patent-in-suit). The Patent Office has already found that a substantial new question of patentability exists with respect to each and every one of the eight claims in the patent. Additionally, the patent examiner has already issued an office action on the merits rejecting every claim as unpatentable for several different reasons. (*See* Armon Decl. Exs. 1, 2.[1]) Thus, the reexamination is already at an advanced stage. This litigation, on the other hand, is at the very beginning. The parties have not even exchanged discovery and a case management conference has not occurred.

All of the factors that courts consider when determining whether to stay litigation pending reexamination weigh heavily in favor of a stay. First, courts favor granting a stay when a motion for stay is made early in litigation. Quest petitioned for reexamination one day after Centrify filed its Complaint. (Ex. 3.) Additionally, Quest brings its motion to stay at the first opportunity after receiving notification that (1) the Patent Office granted its petition for reexamination, and (2) the Patent Office issued an office action rejecting all claims under multiple different invalidity theories. Quest's early pursuit of reexamination and promptness favor granting this motion.

Second, the *inter partes* reexamination will simplify validity and claim construction issues in this case. The Patent Office has already issued an office action rejecting every claim in the patent-in-suit as invalid. There is complete overlap between the claims at issue in this case and in the reexamination, and no possibility that Centrify could proceed on claims that the Patent Office has not rejected as invalid. Additionally, Quest will be estopped from re-arguing invalidity positions that it took during reexamination once a reexamination certificate issues, so the reexamination will simplify validity issues in this litigation.

---

[1] All exhibits referenced in this motion are exhibits to the Declaration of Orion Armon In Support Of Quest Software, Inc.'s Motion To Stay.

Third, Centrify will not be unfairly prejudiced. The parties' investments in the litigation are not at risk because this litigation is in its infancy—no discovery has occurred, no litigation schedule has been adopted, and no trial date has been set. Furthermore, Centrify is not experiencing any irreparable harm. Centrify did not seek a preliminary injunction when it filed suit and made no indication in the Joint Case Management Statement that it intends to file a motion for preliminary injunction. (Ex. 4.) Finally, the reexamination proceedings are already at an advanced stage and should proceed quickly. The Patent Office issued its first office action on the merits in only half the time it normally takes. The reexamination will likely conclude before this case could reach trial, so staying this litigation will minimize wasteful, duplicative effort. On the other hand, if no stay is entered, Quest will be prejudiced by having to waste resources challenging the validity of, and arguing over claim constructions for, claims that will likely be amended or canceled during reexamination.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Should the Court stay this litigation pending the outcome of the *inter partes* reexamination of the patent-in-suit?

## III.   RELEVANT FACTS

Centrify filed suit against Quest on August 30, 2010. (D.I. 1.) Quest petitioned the Patent Office to conduct *inter partes* reexamination of the patent-in-suit the next day—on August 31, 2010. (Ex. 3.) The Patent Office found that a substantial new question of patentability existed with respect to each and every one of the eight claims in the patent-in-suit, and granted Quest's petition for reexamination on November 15, 2010. (Ex. 1.) Additionally, the Patent Office took the somewhat unusual step of including a first office action on the merits with its November 15, 2010 notification that the petition for reexamination was granted. (Ex. 2.) The non-final office action rejects every one of the eight claims in the single patent-in-suit as unpatentable. (*Id*.) The first office action was issued in approximately half the time that the Patent Office typically requires. (Ex. 5.) Notably, the Patent Office rejected each and every claim in the patent-in-suit in light of three independent invalidity theories, and it rejected seven of the eight claims in light of four independent theories. (Ex. 2.)

## IV. LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). Courts are not required to stay judicial proceedings pending reexamination of a patent, but granting a stay for purposes of reexamination is within a district court's discretion. *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985). Courts in this district have acknowledged that there is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of reexamination proceedings, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

In determining whether to stay a case pending reexamination, a court may consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

## V. ARGUMENT

The facts surrounding the *inter partes* reexamination of the patent-in-suit and procedural posture of this litigation all favor entry of a stay. Each of the three factors courts typically consider in determining whether to grant a stay weigh heavily in favor of staying this litigation.

### A. Factor 1: This Litigation Has Barely Begun

The first factor—whether discovery is complete and whether a trial date has been set—weighs heavily in favor of a stay. As the following time line demonstrates, Quest moved very quickly to petition for reexamination of the patent-in-suit and to stay this litigation once its petition was granted:

**Time Line Of Relevant Events**
- August 30, 2010: Centrify files complaint (D.I. 1)
- August 31, 2010: Quest files petition for *inter partes* reexamination
- November 15, 2010: Patent Office grants petition and issues first office action
- December 9, 2010: Quest files Answer and Counterclaims and Motion to Stay

1  Quest filed its petition for reexamination only one day after Centrify filed its Complaint, and
2  Quest is filing this motion to stay simultaneously with its answer to Centrify's Complaint. (Ex.
3  3.) Quest's motion to stay is made before any discovery has taken place in this litigation, before a
4  Case Management Conference has been held, and before a trial date has been set. Accordingly,
5  this factor strongly supports Quest's requested relief.

### B. Factor 2: The *Inter Partes* Reexamination Will Streamline This Litigation

The second factor— whether a stay would simplify the issues in question and trial of the case—also weighs heavily in favor of a stay. There is only a single patent at issue in this litigation, and the Patent Office has issued an office action rejecting every claim in the patent as invalid. (Ex. 2 at 1.) There is complete overlap between the claims subject to reexamination and the claims at issue in this case, and no possibility that Centrify could proceed here on a subset of claims that are not subject to reexamination. (*Id*.)

Furthermore, *inter partes* reexaminations permit the third-party requester to participate in the reexamination process, and, once concluded, estop the requester from re-litigating validity using the same prior art references that formed the basis for the petition for reexamination. 35 U.S.C. § 317. As a consequence, the reexamination will streamline this litigation and reduce validity issues for trial.

### C. Factor 3: A Stay Will Not Unfairly Prejudice Centrify

The third factor—whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party—also favors granting a stay.

#### 1. Centrify Will Not Be Harmed By A Stay

As an initial matter, this litigation is a retaliatory suit. Three days after Quest sued Centrify for patent infringement in Utah (*see Quest Software, Inc. v. Centrify Corp.*, No. 2:10-cv-00859-TS (D. Utah) (filed August 27, 2010)), Centrify rushed to file an incomplete two-page complaint against Quest in this Court. (D.I. 1.) After Quest filed a motion to dismiss that complaint, Centrify amended its complaint to comply with Federal pleading requirements. (D.I. 22.) Quest's answer to this amended complaint has not even been filed at the time of drafting this motion. Accordingly, neither party has invested substantial time or resources in this litigation, so

1 Centrify will not be harmed if it is stayed.

2 Nor is there any reason to conclude that Centrify will experience loss of rights due to a stay. The patent-in-suit issued on September 15, 2009, so there is no risk that the patent will expire, or that Centrify will lose its ability to seek injunctive relief due to reexamination-related delay. (*See* D.I. 1 Ex. A.) Notably, Centrify neither sought a preliminary injunction when it filed suit, nor indicated any intent during the parties' Rule 26(f) conference to later file such a motion. (*See* Ex. 4.) In short, Centrify's ability to obtain preliminary injunctive relief is not at issue.

Additionally, the *inter partes* reexamination of the patent-in-suit will likely require less time than most *inter partes* reexaminations. The Patent Office continues to make strides to reduce the length of *inter partes* reexaminations, and in the past year, the median pendency for *inter partes* reexaminations has dropped. (Exs. 6-7.) Other leading indicators suggest that recently-filed reexaminations will require even less time to complete than in the past. For example, the table below shows that the average time to a first office action on the merits has dropped consistently every year over the past three years:

| Year | 2008 | 2009 | 2010 |
|---|---|---|---|
| Average Months From Filing To First Office Action On The Merits | 5.1 | 4.6 | 3.8 |
| Months From Filing To First Office Action On The Merits In This Case | - | - | 2.5 |

(Exs. 5, 8, 9.)

The line graph below graphically illustrates the progress the Patent Office is making in speeding-up the reexamination process. It also demonstrates that this reexamination is on an accelerated schedule. The Patent Office issued a first office action on the merits concerning Centrify's patent in only 2.5 months, or almost half the time that examiners typically require.



Furthermore, as Centrify admitted in the parties' Joint Case Management Statement, "the relevant software technology is of low to moderate complexity," (Ex. 4 at 10), and there are only two independent and six dependent claims in Centrify's patent (*see* D.I. 1 Ex. A). The nature of the technology and small number of claims in the patent will allow the Patent Office to proceed much more quickly with this reexamination than is typical. The speed with which the Patent Office issued its first office action on the merits confirms this fact.

### 2. Quest Will Be Harmed If No Stay Is Granted

If no stay is entered, there is a high likelihood that Quest will be required to expend resources litigating validity and claim construction issues for claims that will be amended or canceled during reexamination. The most-current Patent Office reexamination statistics indicate that 89% of claims subject to *inter partes* reexamination are either canceled, disclaimed, or amended. (Ex. 7.) In other words, this statistic suggests that if a stay is not entered, there is a high likelihood that the parties' claim construction and invalidity arguments will be undercut by amendments to the two independent and six dependent claims in the patent-in-suit. Similarly, there is a high likelihood that the Court will waste time construing claim terms that are later amended or canceled.

When the facts of this case are considered, the risk of claim amendments undercutting the parties' litigation positions (and the Court's claim constructions) looms even larger. The

examiner has already provided at least three separate bases for rejecting Claim 4 as invalid, and four separate bases for rejecting the other seven claims in the patent-in-suit as invalid. (Ex. 2 at 1-10.) The following chart shows the rejections made by the examiner:

| Prior Art Reference or Combination | Claims Rejected As Unpatentable/Invalid |
|---|---|
| **1.** HP CIFS Client Administrator's Guide | Claims 1-8 |
| **2.** HP CIFS Client Administrator's Guide and Smb.conf.5.html Manual | Claims 2, 6 |
| **3.** HP CIFS Client Administrator's Guide and Pam_authsrv.5 Manual | Claims 1-8 |
| **4.** Pam_authsrv.5 Manual and Smb.conf.5.html Manual | Claims 1-8 |
| **5.** Managing NFS and NIS and Smb.conf.5.html Manual | Claims 1, 3, 5, 7, and 8 |

The Patent Office is already deep into the merits of the reexamination. (*See* Ex. 2.) And because the examiner provided multiple bases for rejecting the claims in the patent-in-suit, there is an especially high probability in this case that all of Centrify's patent claims will be canceled or amended. Under these circumstances, Quest should not have to expend resources litigating the validity or proper claim constructions of Centrify's currently-issued claims.

Notably, making substantive changes to issued patent claims during reexamination creates an irrebuttable presumption that the original claims were materially flawed and unpatentable. *Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1249-50 (Fed. Cir. 1997). In other words, if Centrify amends or cancels the two independent claims in the patent, this lawsuit in its current form is moot because claim amendments are treated as admissions that the current claims are unpatentable. *Id*.

Admittedly, even if Centrify amends the claims of the patent-in-suit, the Patent Office may ultimately issue a reexamination certificate with new or amended claims. But those claims are subject to intervening rights, and Centrify cannot enforce them until a reexamination

certificate issues. 35 U.S.C. § 316.

## VI. CONCLUSION

This litigation is in its earliest stages. No discovery has occurred, no litigation schedule has been adopted, and no trial date has been set. In contrast, at the United States Patent and Trademark Office, a patent examiner has already examined Centrify's only patent-in-suit and presented multiple bases for rejecting every one of the eight claims in the patent as invalid. The Court should promote efficiency and simplify issues for trial by staying this litigation until the *inter partes* reexamination of the patent-in-suit is complete.

Dated: December 9, 2010            COOLEY LLP


                                   /s/ *Orion Armon*
                                   Orion Armon (pro hac vice)

                                   Attorneys for Defendant Quest Software, Inc.

COOLEY LLP
ATTORNEYS AT LAW
BROOMFIELD

Case No. 10-cv-03873-CW                 8.                                MOTION TO STAY

## CERTIFICATE OF CONFERENCE

The undersigned counsel conferred with opposing counsel in a good faith attempt to resolve the issues raised in the present motion without court intervention. The parties were unable to reach an agreement that would render the present motion unnecessary.

Dated: December 9, 2010                                By: /s/ *Orion Armon*
                                                                                Orion Armon

348862 v1/CO