COOLEY LLP
THOMAS J. FRIEL, JR. (State Bar No. 80065)
(tfriel@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

WAYNE O. STACY (pro hac vice)
(stacywo@cooley.com)
ORION ARMON (pro hac vice)
(oarmon@cooley.com)
COOLEY LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

Attorneys for Defendant
Quest Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTRIFY CORPORATION,<br><br>            Plaintiff,<br><br>     v.<br><br>QUEST SOFTWARE, INC.,<br><br>            Defendant. | Case No.  C 10-3873-CW<br><br>**QUEST SOFTWARE'S REPLY IN SUPPORT OF ITS MOTION TO STAY**<br><br>Date: January 20, 2011<br>Time: 2:00 PM<br>Location: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

## I. INTRODUCTION

A stay remains appropriate because Centrify failed to show that any of the three factors courts consider weigh against a stay.

First, Centrify does not contest that timing favors a stay—it only disputes the weight attributable to the factor.

Second, the facts do not support Centrify's claim that reexamination will not simplify this litigation. All claims and counterclaims in this litigation are patent-related, and all claims in Centrify's patent have been rejected by the Patent Office. There could be no greater simplification of issues than would result from the complete invalidation of Centrify's patent.

Third, Centrify's alleged prejudice arising from a stay relates to reexamination-related delay, which courts do not consider prejudicial. And its concerns about duration of the *inter partes* reexamination process can be managed by ordering the parties to report status after each significant reexamination milestone—including after the Patent Office's next office action, which will likely close prosecution on the merits. If the Patent Office reverses course and the patentability of some claims is confirmed, the stay can be lifted.

Finally, Centrify has no principled basis for opposing a stay. Centrify is filing its own motion to stay the first-filed patent infringement action pending between the parties in Utah.[1] (D.I. 34-1 Ex. F.) No office action has been entered in the reexamination of Quest's patent, and none of its forty claims have been rejected. Yet Centrify believes that a stay is appropriate in Utah. Using Centrify's standard, staying this litigation is even more appropriate because the Patent Office has already rejected all of Centrify's patent claims in patent multiple ways.

---

[1] Quest filed suit in Utah because Quest's patent and its patented product were obtained as the result of an acquisition of a Utah company, documents, source code reside in Utah, the inventors and software development team still work at Quest's Utah offices, and important third-party witnesses reside in Utah. (D.I. 34-1 Ex. C at 4-6.)

## II. ARGUMENT

### A. Factor 1: Centrify Acknowledges That Timing Favors A Stay

Centrify argues that timing is entitled to little weight, but its argument does not diminish the fact that Quest was diligent, or that the timeliness of its motion strongly favors a stay. *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

Ironically, Centrify argues that Quest moved *too quickly* by filing its petition for reexamination one day after Centrify initiated suit—and that Quest's speed indicates bad faith. Centrify's allegation is baseless and the authority supporting its argument inapposite. The *Esco* litigation involved a defendant who chose not to petition for reexamination until it was apparent that year-long licensing negotiations would fail. *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. C 09-1635 SBA, 2009 WL 3078463, at *4 (N.D. Cal. Sept. 28, 2009). In contrast, Quest prepared and filed *its own* patent suit against Centrify *first* and responsibly prepared for counterclaims that might result. Quest's actions demonstrate prudence—not bad faith.

### B. Factor 2: All Claims And Defenses In This Litigation Are Patent-Related So The Reexamination Will Simplify Issues

Centrify argues that reexamination will not simplify this litigation because it cannot resolve certain infringement and validity issues. Centrify misunderstands the law.

The question for the Court is whether all claims and counterclaims in the litigation could be resolved by the reexamination, or whether there are issues that must be litigated regardless of the outcome at the Patent Office. *See Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2010 WL 1838691, at *2 (N.D. Cal. May 5, 2010) (Armstrong J.) (explaining that "a stay request is less compelling if the reexamination will not resolve the affirmative claims alleged in the complaint and any counterclaims alleged by the defendant").

All of the claims and affirmative defenses asserted in this litigation are patent-related. If both of Centrify's two independent patent claims are finally rejected or amended, this litigation is over. (*See* D.I. 22 and 28.) *See also Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1249-50 (Fed. Cir. 1997) (making substantive changes to issued patent claims during reexamination creates an irrebuttable presumption that the original claims were materially flawed

and unpatentable). No greater simplification could result than from the complete invalidation of Centrify's patent. That outcome is possible because the Patent Office initially rejected every claim in the patent-in-suit.

### C. Factor 3: Centrify Failed To Provide Proof Of Any Prejudice From A Stay

Centrify claims that "justice delayed is justice denied" but its appeal for quick justice is belied by the facts. Centrify does not dispute that this is a retaliatory suit, or that it made no previous move to enforce its patent during the year between issuance and the initiation of Quest's first-filed infringement action in Utah.[2] And Centrify cannot claim that it needed time to investigate infringement—it filed this suit a mere three days after Quest's first-filed Utah action commenced. (D.I. 1.)

Furthermore, Centrify's evidence of alleged prejudice relates to delay inherent in the reexamination process. Delay inherent in reexamination does not constitute undue prejudice. *Esco Corp.*, 2009 WL 3078463 at *3; *Ho Keung Tse*, 2010 WL 1838691 at *4.

#### 1. Centrify's Opposition Is Undercut By Its Own Imminent Filing Of A Motion To Stay The Utah Patent Litigation

Centrify's opposition to a stay is undercut by its imminent filing of a motion to stay the first-filed Utah patent litigation. (*See* D.I. 34-1 Ex. F ("Centrify also plans to file a motion in the Utah action to stay that matter").) Centrify is arguing out of both sides of its mouth on the stay issue.

The parties' competitor status does not weigh against a stay because Centrify is filing its own motion to stay Quest's first-filed Utah litigation. (D.I. 34-1 Ex. F.) Indeed, denying Quest's motion would unfairly benefit Centrify. Centrify could have filed a patent infringement counterclaim against Quest in Utah. It initiated this retaliatory lawsuit to obtain home-court advantage. As the party who filed second, Centrify bears any risk associated with lack of parallelism between the Utah and California litigations.

---

[2] *Quest Software, Inc. v. Centrify Corp.*, No. 2:10-cv-00859-TS (D. Utah) (August 27, 2010).

### 2. Quest Reasonably Refused Centrify's Premature Demand To Stay The Utah Litigation Because The Reexaminations Are Not Parallel

Quest refused Centrify's request to stay the Utah litigation because the reexaminations of the parties' patents are not parallel. (D.I. 34-1 Ex. F.) The Patent Office already rejected all eight claims in Centrify's patent using multiple invalidity theories. (D.I. 29-3.) In contrast, the Patent Office has not issued an office action on the forty claims in Quest's patent. (Ex. 34-1 Ex. D.) Centrify's motion is premature because it attempts to stay the Utah litigation immediately, before the parties learn whether the Patent Office's initial office action rejects any claims in Quest's patent. (D.I. 34-1 Ex. F.)

Quest proposed a fairer arrangement in which a stay in each litigation would be contingent upon an initial office action rejecting all claims. (D.I. 34-1 Ex. F.) Centrify rejected that offer because it knows that some or all of Quest's patent claims may be confirmed by the Patent Office.

Quest's position is principled and reasonable. Courts recognize that staying an entire litigation is rarely appropriate when fewer than all claims in a patent are subject to reexamination. *Cf. Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 545855, at *1 (N.D. Cal. Feb. 11, 2010) (explaining that the court granted Sun's request for a stay because the Patent Office issued an initial action rejecting all claims of the patent); and *Touchtunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009) (denying stay because the Patent Office confirmed the patentability of some claims, necessitating a trial over issues of validity and infringement even if other claims were cancelled).

### 3. The Stay Need Not Be Indefinite In Duration

The rapid progress of the reexamination of Centrify's patent indicates that this reexamination will conclude more quickly than most. But the Court need not resolve the parties' arguments over reexamination length before ordering a stay. The Court should stay the litigation and order the parties to provide status updates after significant litigation milestones. Periodically reevaluating the stay will ensure that it does not remain in effect too long.

The regulations governing *inter partes* reexaminations and Patent Office guidelines indicate that "the second Office action in the reexamination proceeding will ordinarily be an

Action Closing Prosecution." 37 C.F.R. 1.949; M.P.E.P. § 2671.02. An Action Closing Prosecution ("ACP") will likely be entered within the next few months, and should provide a clear indication whether the Patent Office will stand firm in rejecting the two independent and six dependent claims in the patent-in-suit. The Court should order the parties to meet and confer after the ACP issues and provide a status update to the Court.

Entering a stay now and then reevaluating it periodically is a reasonable approach that has been adopted by other courts. *See Ho Keung Tse*, 2010 WL 1838691, at *1-5 (reevaluating stay after final Office action and leaving stay in place pending appeal because the reexamination could resolve all issues in litigation); *Cross Atl. Capital Partners, Inc. v. Facebook, Inc.*, No. 07-2768, 2010 WL 4751673, at *1-2 (E.D. Penn. Nov. 22, 2010) (reevaluating stay after initial Office action and again after Right of Appeal Notice was issued, and ultimately lifting stay before appeal finished).

### D. None Of Centrify's Legal Authority Involves Facts Analogous To Those Present In This Litigation

Centrify's opposition cites more than a dozen cases that supposedly support denial of Quest's motion. But Centrify string-cites the cases instead of substantively discussing them for a reason. None of the cases Centrify cites present facts analogous to the facts of this case. The summaries provided below highlight the stark factual differences between the case law Centrify cites and the facts of this case:

- *F5 Networks, Inc. v. A10 Networks, Inc.*—motion to stay denied because movant waited eight months and then filed motion to stay <u>before</u> filing petitions for reexamination. 2010 WL 5138375, at *1 (W.D. Wash. Dec. 10, 2010).

- *Baxter Int'l, Inc. v. Fresenius Med. Care Holdings, Inc.*—motion to stay denied as premature because petition for reexamination had not been granted. 2008 WL 4395854, at *4 (N.D. Ill. Sept. 25, 2008).

- *Ultra Prods., Inc. v. Antec, Inc.*—motion to stay denied as premature because petition for reexamination had not been granted and court found evidence of bad faith. 2010 WL 1688538, at *3 (N.D. Cal. Apr. 26, 2010).

- *Sunbeam Prods., Inc. v. Hamilton Beach Brands*—motion to stay denied as premature because petition for reexamination had not been granted, claim construction was well underway, close of discovery was three months away, and trial six months away.

2010 WL 1946262, at *2-3 (E.D. Va. May 10, 2010).

- *Esco Corp. v. Berkeley Forge & Tool, Inc.*—motion to stay denied because another patent with reexamination-confirmed claims was asserted, so the litigation would proceed regardless. 2009 WL 3078663, at *3 (N.D. Cal. Sept. 28, 2009).

- *ePlus, Inc. v. Lawson Software, Inc.*—motion to stay denied because discovery was complete, claim construction underway, trial six months away, and the patents were near expiration. 2010 WL 1279092, at *2-5 (E.D. Va. Mar. 31, 2010).

- *BarTex Res., LLC v. FedEx Corp.*—motion to stay denied because movant waited sixteen months to file petition for reexamination, two years had passed since inception of litigation, claim construction disclosures were complete, and trial eight months away. 611 F. Supp. 2d 647, 648 (E.D. Tex 2009).

- *Cooper Notification, Inc. v. Twitter, Inc.*—motion to stay denied because movant waited ten months after litigation commenced to petition for reexamination, discovery was well underway, and a trial date set. 2010 WL 5140573, at *3 (D. Del. Dec. 13, 2010).

- *Tesco Corp. v. Weatherford Int'l Inc.*—motion to stay denied because the Patent Office already confirmed validity of some claims, expert discovery was closed, a claim construction order was entered, and trial only two months away. 722 F. Supp. 2d 755, 759 (S.D. Tex. 2010).

- *Wordtech Sys., Inc. v. Microboards Mfg., LLC*—motion to stay denied because movant waited sixteen months to file petition for reexamination. 2010 WL 1641510, at *2 (N.D. Cal. Apr. 22, 2010).

- *Network Appliance Inc. v. Sun Microsystems Inc.*—motion to stay denied because one asserted patent was not subject to reexamination stay, and claim construction disclosures and fact discovery were nearly complete. 2008 WL 4821318, at *1 (N.D. Cal. Nov. 3, 2008).

- *Affinity Labs of Texas v. Apple Inc.*—motion to stay denied because movant delayed one year between filing of lawsuit and filing motion to stay. 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010).

- *Robbins v. H.H. Brown Shoe Co., Inc.*—motion to stay denied because two of three references supporting petition for reexamination were previously before the Patent Office and the third reference provided no additional disclosure beyond the other references, and because no office action had issued from the Patent Office. 2009 WL 2170174, at *1-2 (S.D.N.Y. Jun. 30, 2009).

The three-factor stay analysis is fact-intensive and necessarily case-specific. *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F. Supp. 2d at 1023. The cases Centrify cites are

entitled to little weight because they are not based on facts that are analogous to the facts present in this case.

### III. CONCLUSION

Every one of the three factors courts consider in determining whether to grant a stay favor staying this action. The Court should therefore stay this litigation and order the parties to provide a status update after an Action Closing Prosecution is entered in the reexamination of the patent-in-suit.

Quest includes a modified proposed order with this reply brief that requires the parties to update the Court regarding the need for a stay after an Action Closing Prosecution is entered by the Patent Office.

Dated: January 6, 2011　　　　　　　　　　COOLEY LLP


　　　　　　　　　　　　　　　　　　　　 /s/ *Orion Armon*
　　　　　　　　　　　　　　　　　　　　Orion Armon (pro hac vice)

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Quest Software, Inc.

350187 v2/CO

| | |
|---|---|
| 1 | COOLEY LLP |
| | THOMAS J. FRIEL, JR. (State Bar No. 80065) |
| 2 | (tfriel@cooley.com) |
| | 101 California Street, 5th Floor |
| 3 | San Francisco, CA  94111-5800 |
| | Telephone:     (415) 693-2000 |
| 4 | Facsimile:      (415) 693-2222 |
| 5 | WAYNE O. STACY (pro hac vice) |
| | (stacywo@cooley.com) |
| 6 | ORION ARMON (pro hac vice) |
| | (oarmon@cooley.com) |
| 7 | COOLEY LLP |
| | 380 Interlocken Crescent |
| 8 | Suite 900 |
| | Broomfield, CO  80021-8023 |
| 9 | Telephone:     (720) 566-4000 |
| | Facsimile:      (720) 566-4099 |

Attorneys for Defendant
Quest Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTRIFY CORPORATION, | Case No.  C 10-3873-CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| QUEST SOFTWARE, INC., | |
| Defendant. | |

# PROOF OF SERVICE
## (FRCP 5)

I, Orion Armon, am a citizen of the United States and a resident of the state of Colorado. I am over the age of eighteen years. My business address is Cooley LLP, 380 Interlocken Crescent, Suite 900, Broomfield, CO 80021. On the date set forth below I caused the documents described below to be served in the manner described:

**QUEST SOFWARE'S REPLY IN SUPPORT OF ITS MOTION TO STAY**

☐ (BY U.S. MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Broomfield, Colorado.

☐ (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Cooley LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☒ (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

| | |
|---|---|
| Edward V. Anderson | evanderson@sidley.com |
| Marc R. Ascolese | mascolese@sidley.com |
| Philip W. Woo | pww@sidley.com |
| Duy Duc Nguyen | ddnguyen@sidley.com |

Sidley Austin, LLP
1001 Page Mill Road, Bldg 1
Palo Alto, CA  94304

Executed on January 6, 2011 at Broomfield, Colorado.

                 *s/   Orion Armon*
                 Orion Armon