COOLEY LLP
THOMAS J. FRIEL, JR. (State Bar No. 80065)
(tfriel@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222

WAYNE O. STACY (pro hac vice)
(stacywo@cooley.com)
ORION ARMON (pro hac vice)
(oarmon@cooley.com)
COOLEY LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO  80021-8023
Telephone:      (720) 566-4000
Facsimile:      (720) 566-4099

Attorneys for Defendant
Quest Software, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CENTRIFY CORPORATION,<br><br>                Plaintiff,<br><br>        v.<br><br>QUEST SOFTWARE, INC.,<br><br>                Defendant. | Case No.  4:10-cv-03873-CW<br><br>DEFENDANT QUEST SOFTWARE, INC.'S AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

        Defendant Quest Software, Inc., ("Quest") by and through its attorneys answers Plaintiff

Centrify Corporation's First Amended Complaint as follows:

## **PRELIMINARY STATEMENT**

**PARAGRAPH NO. 1:**

        This is an action for patent infringement under the patent laws of the United States, 35

U.S.C. § 1 et seq., from the defendant's direct and indirect infringement of United States Patent

No. 7,591,005.

**ANSWER TO PARAGRAPH NO. 1:**

Quest admits that Centrify's Complaint purports to assert a claim for patent infringement arising under the patent laws of the United States.  Quest denies that it infringes, directly or indirectly, any valid, enforceable claim of U.S. Patent No. 7,591,005.

**PARTIES**

**PARAGRAPH NO. 2:**

Plaintiff Centrify Corporation is a Delaware corporation with its principal place of business at 785 N. Mary Avenue, Suite 200, Sunnyvale, California 94085.

**ANSWER TO PARAGRAPH NO. 2:**

Quest lacks sufficient information to admit or deny the allegations in Paragraph 2, and on that basis denies each and every one of them.

**PARAGRAPH NO. 3:**

On information and belief, Defendant Quest Software, Inc. ("Quest") is a Delaware corporation with a principal place of business at 5 Polaris Way, Aliso Viejo, California 92656.

**ANSWER TO PARAGRAPH NO. 3:**

Quest admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 5 Polaris Way, Aliso Viejo, California 92656.

**JURISDICTION AND VENUE**

**PARAGRAPH NO. 4:**

This is an action for patent infringement, arising under 35 U.S.C. § 1 *et seq.* generally, and 35 U.S.C. §§ 271(a)-(c) specifically.

**ANSWER TO PARAGRAPH NO. 4:**

Quest admits that Centrify's Complaint purports to assert claims for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* generally, and 35 U.S.C. §§ 271(a)-(c) specifically.  Quest denies that it infringes any valid, enforceable claim of U.S. Patent No. 7,591,005 and denies that Centrify is entitled to any relief whatsoever.

**PARAGRAPH NO. 5:**

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a).

**ANSWER TO PARAGRAPH NO. 5:**

Quest admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**PARAGRAPH NO. 6:**

The Court has personal jurisdiction over Quest because Quest committed and is committing acts of infringement in this Judicial District and is doing business in this Judicial District at 469 El Camino Real, Santa Clara, CA 95050.

**ANSWER TO PARAGRAPH NO. 6:**

Quest admits that this Court possesses personal jurisdiction over it for purposes of this case. Quest also admits that it is doing business at 469 El Camino Real, Santa Clara, CA 95050. Quest denies that it has committed or is committing any acts of infringement, including in this Judicial District.

**PARAGRAPH NO. 7:**

Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events giving rise to Plaintiff's cause of action occurred in this Judicial District.

**ANSWER TO PARAGRAPH NO. 7:**

Quest admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Quest denies the remaining allegations in Paragraph 7, and denies that this Judicial District is the most convenient venue for this litigation.

## **INTRADISTRICT ASSIGNMENT**

**PARAGRAPH NO. 8:**

This patent action is in an excepted category for Local Rule 3-2(c), Assignment to a Division, and will be assigned on a district wide basis.

**ANSWER TO PARAGRAPH NO. 8:**

Paragraph 8 contains statements which require no response by Quest.

**FACTUAL BACKGROUND**

**PARAGRAPH NO. 9:**

On September 15, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,591,005 ("the '005 Patent") entitled "Method and Apparatus for User Long-in Name Mapping." Centrify is owner by assignment of all right, title and interest to the '005 Patent, including all rights to enforce the '005 Patent and to collect past and future damages for infringement. A copy of the '005 Patent is attached as **Exhibit A**.

**ANSWER TO PARAGRAPH NO. 9:**

Quest lacks sufficient information to admit or deny the allegations in Paragraph 9, and on that basis denies each and every one of them.

**PARAGRAPH NO. 10:**

Quest has knowledge of the '005 Patent by and through, at least, Centrify's Complaint for Patent Infringement. Docket No. 1.

**ANSWER TO PARAGRAPH NO. 10:**

Quest admits that it has knowledge of the '005 Patent by and through Centrify's Complaint for Patent Infringement.

**PARAGRAPH NO. 11:**

Quest makes, uses, and sells the Quest Authentication Services software product ("QAS"), including at least version 4.0 of the software product, as well as earlier and subsequent versions thereof.

**ANSWER TO PARAGRAPH NO. 11:**

Quest admits that it develops and sells the Quest Authentication Services software product ("QAS") to customers, including version 4.0. Except as expressly admitted, Quest denies the allegations in Paragraph No. 11.

**PARAGRAPH NO. 12:**

QAS provides a feature called "mapped user" (or "mapped user mode") where one maps

1   local Unix user accounts to Active Directory users accounts.

2   **ANSWER TO PARAGRAPH NO. 12:**

3       Quest admits that QAS provides a feature called "mapped user".  Except as expressly

4   admitted, Quest denies the allegations in Paragraph 12.

5   **PARAGRAPH NO. 13:**

6       The mapped user or mapped user mode feature of QAS uses a Network Information

7   Service ("NIS") "passwd" file or map.

8   **ANSWER TO PARAGRAPH NO. 13:**

9       Quest denies each and every allegation in Paragraph 13.

10  **PARAGRAPH NO. 14:**

11      QAS provides and/or uses a Pluggable Authentication Module ("PAM") that provides or

12  facilitates, at least in part, Active Directory authentication.

13  **ANSWER TO PARAGRAPH NO. 14:**

14      Admitted.

15  **PARAGRAPH NO. 15:**

16      Quest sells QAS to its customers, and at least some of those customers use the mapped

17  user or mapped user mode feature of QAS.

18  **ANSWER TO PARAGRAPH NO. 15:**

19      Quest admits that it sells QAS for use by customers, and, admits on information and belief

20  that some of those customers use the mapped user feature of QAS.  Except as expressly admitted,

21  Quest denies the allegations in Paragraph No. 15.

22  **PARAGRAPH NO. 16:**

23      Quest provides documentation, instructions, and other support to customers for QAS and

24  the mapped user or mapped user mode feature of QAS.

25  **ANSWER TO PARAGRAPH NO. 16:**

26      Quest admits that it provides documentation, instructions, and other support to customers

27  for QAS, and that information concerning the mapped user feature may be included in one or

28  more of those information sources.  Except as expressly admitted, Quest denies the allegations in

Paragraph No. 16.

**FIRST CAUSE OF ACTION**
**(DEFENDANT'S INFRINGEMENT OF THE '005 PATENT)**

**PARAGRAPH NO. 17:**

Plaintiff incorporates each of the preceding paragraphs 1-16 as if fully stated herein.

**ANSWER TO PARAGRAPH NO. 17:**

Quest incorporates and realleges herein Paragraphs 1-16 of its Answer.

**PARAGRAPH NO. 18:**

Quest, in making, using, selling, offering for sale, importing into the United States and/or exporting from the United States its Quest Authentication Services software product, including version 4.0, and reasonably similar products or services, has infringed and continues to infringe one or more claims of the '005 Patent under 35 U.S.C. § 271. In particular, Quest makes, uses, sells, offers for sale, imports into the United States and/or exports from the United States computer readable media in accordance with one or more apparatus claims of the '005 Patent or operating in accordance with one or more method claims of the '005 Patent , including but not limited to exemplary claims 1, 2, 5, and 6. Quest further actively induces infringement of the '005 Patent through, for example, providing customers with instructions and support for Quest Authentication Services and other reasonably similar products or services. Quest contributorily infringes the '005 Patent by making Quest Authentication Services, its mapped user or mapped user mode feature, and reasonably similar products or services, which have no substantial non-infringing uses, and which Quest sells to its customers with knowledge of the '005 Patent.

**ANSWER TO PARAGRAPH NO. 18:**

Quest denies each and every allegation in Paragraph 18.

**PARAGRAPH NO. 19:**

As a result of Quest's infringement of the '005 Patent, Centrify has lost profits and suffered irreparable harm, and will continue to lose profits and suffer irreparable harm unless and

Cooley LLP
Attorneys At Law
San Francisco

Case No. 10-cv-03873-CW                    6.

Amended Answer to
First Amended Complaint

1    until Centrify is enjoined by this Court from future infringement.

2    **ANSWER TO PARAGRAPH NO. 19:**

3           Quest denies each and every allegation in Paragraph 19.

4                              **PRAYER FOR RELIEF**

5           This section constitutes Prayers for Relief which do not require a response.  To the extent

6    that this section may be deemed to allege any facts or any factual or legal entitlements to the

7    relief requested, Quest denies each and every such allegation. Specifically, Quest denies that

8    Centrify is entitled to any of the requested relief.

9                           **DEMAND FOR JURY TRIAL**

10          Quest joins Centrify's request for a jury trial on all issues triable by jury.

11                             **GENERAL DENIAL**

12          Quest denies each and every factual or legal allegation in Centrify's Complaint that it did

13   not expressly admit above.

14                           **AFFIRMATIVE DEFENSES**

15          For its affirmative defenses, Quest states as follows:

16                 First Affirmative Defense (Failure to State a Claim)

17          1.     Centrify's Complaint should be dismissed for failure to state a claim for which

18   relief may be granted.

19                    Second Affirmative Defense (Non-infringement)

20          2.     Quest has not infringed and is not now infringing, directly, contributorily or

21   through inducement, any valid, enforceable claim of the '005 patent.

22                       Third Affirmative Defense (Invalidity)

23          3.     The '005 patent is invalid for failure to satisfy one or more of the conditions of

24   patentability set forth in Title 35 of the United States Code, including, but not limited to,

25   35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

26                     Fourth Affirmative Defense (Unclean Hands)

27          4.     Centrify's claims for relief are barred, in whole or in-part, by the equitable

28   doctrine of unclean hands.

5.      Vintela, Inc. was founded in September 2003 with the goal of providing easily-deployed software solutions that allow users of Microsoft-based systems to interoperate and integrate with UNIX and Linux-based computer systems.  Quest Software acquired Vintela in May 2005.

6.      Two of the software products that Vintela developed to support interoperability between Microsoft-based and Unix or Linux-based computer systems were Vintela Authentication Services (VAS) and Vintela Group Policy (VGP).  Vintela Authentication Services integrates native Unix and Linux authentication interfaces with Microsoft's Active Directory.  Vintela Group Policy allows IT administrators to apply policies from Microsoft Active Directory to Unix and Linux systems that are joined to Active Directory Domain with the VAS product.

7.      Vintela's Group Policy product was the first software product of its kind that allowed Unix and Linux systems to be managed using Microsoft Windows policy management tools.

8.      Since at least April 2004, Vintela has made or used or sold software products that include username mapping functionality.

9.      In early 2004, Tom Kemp, Centrify's current CEO, contacted Vintela's CEO on behalf of Mayfield Fund, a California-based venture capital company.  Kemp, claiming to be a representative of Mayfield and without disclosing that he actually was in the process of organizing Centrify to compete with Vintela, expressed interest in facilitating an investment by the Mayfield Fund in Vintela, and peppered Vintela's CEO with questions about Vintela's business plan, product offerings, and strategies.  Vintela's CEO described the functionality offered by the Authentication Services suite of products, including the Group Policy module, and the market opportunity the software addressed.

10.      Tom Kemp never followed-up with Vintela concerning a venture investment.  Instead, a few months after the conversation, Vintela learned that Kemp was putting together a company named Centrify specifically to compete with Vintela.

11.      The products that Centrify eventually brought to market copied Vintela's.

1    Centrify's CEO Kemp even issued statements to the marketplace about Centrify's products that

2    copied descriptions that Vintela's CEO had made to Kemp during their 2004 conversation about

3    Vintela's Authentication Services products.

4           12.    In September 2004—when Vintela Group Policy was publicly released—Centrify

5    was still working on the first version of its DirectControl product.  After Vintela released Group

6    Policy, Centrify postponed the release date of its product into 2005 so that it could analyze and

7    copy the functionality in the Authentication Services suite.  When Centrify DirectControl was

8    eventually released in 2005, its functionality copied the functionality of Vintela Authentication

9    Services and Group Policy, including username mapping functionality.

10          13.    Centrify's Kemp contacted Vintela in bad faith, and Centrify used the information

11    Kemp gained, along with additional analyses of the Vintela products, to develop DirectControl

12    and the functionality that is covered by the '005 patent.  Centrify's acts unfairly injured Quest and

13    affected the balance of equities between Quest and Centrify.  As a result, equity requires that

14    Centrify should not be allowed to assert the '005 patent against Quest.

15           <u>Fifth Affirmative Defense (Damages Limitations)</u>

16          14.    Centrify's claims for damages are limited by 35 U.S.C. §§ 286 and 287.

17           <u>Sixth Affirmative Defense (Prosecution History Estoppel)</u>

18          15.    Centrify is barred by the doctrine of prosecution history estoppel from construing

19    any claim of the '005 patent to be infringed, either literally or under the doctrine of equivalents,

20    because of admissions and statements made to the United States Patent and Trademark Office

21    during prosecution of the application leading to issuance of the '005 patent.

22           <u>Seventh Affirmative Defense (Derivation)</u>

23          16.    Centrify derived the alleged inventions claimed in the '005 patent from others, and

24    its lacks standing to assert claims for infringement of the '005 patent.

25           <u>Eighth Affirmative Defense (No Irreparable Harm)</u>

26          17.    Centrify is not suffering any irreparable harm from Quest's alleged infringement,

27    it cannot satisfy its burden of proof for obtaining an injunction, and it is not entitled to injunctive

28    relief.

**COUNTERCLAIMS**

Defendant/counterclaimant Quest seeks a declaration that it has not infringed any claim of the '005 patent and a declaration that the '005 patent is invalid.

The Parties

1.      Quest is a company organized under the laws of Delaware. Quest's principal place of business is located at 5 Polaris Way, Aliso Viejo, California 92656.

2.      On information and belief, Plaintiff Centrify Corporation ("Centrify") is a corporation organized and existing under the laws of the State of Delaware with a place of business located at 785 N. Mary Avenue, Suite 200, Sunnyvale, California 94085.   Centrify purports to be the assignee with all right, title, and interest to United States Patent No. 7,591,005.

Jurisdiction and Venue

3.      This is an action for declaratory relief.  This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      The Court possesses personal jurisdiction over Centrify because Centrify has submitted itself to the jurisdiction of this Court.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

Actual Controversy

6.      On information and belief, United States Patent No. 7,591,005 (the "'005 patent") issued on September 15, 2009, to Paul Moore.  A true and correct copy of the '005 patent is attached hereto as Exhibit A.

7.      On or about August 30, 2010, Centrify filed a Complaint in the United States District Court for the Northern District of California alleging that it is the assignee of the '005 patent, and that the '005 patent is valid, enforceable, and infringed by Quest.

8.      Quest denies that the '005 patent is valid or infringed.

9.      An actual case or controversy exists between Quest and Centrify as to the validity and infringement of the '005 patent.

Claim One—Declaration of Non-infringement of the '005 Patent

Cooley LLP
Attorneys At Law
San Francisco

Case No. 10-cv-03873-CW                    10.

AMENDED ANSWER TO
FIRST AMENDED COMPLAINT

10.     Quest incorporates and realleges herein Paragraphs 1-9 of its Counterclaims.

11.     The claims of the '005 patent are not infringed by the manufacture, use, sale or offer for sale in the United States or the importation into the United States, or exportation out of the United States of any of Quest's products or services.

12.     Quest has not, and is not, contributing to the infringement of any claim of the '005 patent.

13.     Quest has not, and is not, actively inducing infringement of any claim of the '005 patent.

14.     Centrify's allegations of patent infringement have caused, and will continue to cause, irreparable harm to Quest.

15.     Upon information and belief, Centrify is likely to continue its allegations of patent infringement.

16.     Quest is entitled to a declaratory judgment of non-infringement of the claims of the '005 patent.

Claim Two—Declaration of Invalidity of the '005 Patent

17.     Quest incorporates and realleges herein Paragraphs 1-16 of its Counterclaims.

18.     Each of the asserted claims of the '005 patent are invalid for failure to comply with the requirements of patentability set forth in the Patent Act, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

19.     The assertions made by Centrify that Quest is infringing the claims of the '005 patent have caused, and will continue to cause, irreparable harm to Quest.

20.     Upon information and belief, Centrify is likely to continue its allegations of patent infringement.

21.     Quest is entitled to a declaratory judgment of invalidity of the claims of the '005 patent.

1

Prayer for Relief

2      WHEREFORE, Quest respectfully requests that the Court enter judgment in its favor on

3  the foregoing and enter a judgment granting the following relief:

4      A.      A judgment denying Centrify any and all of its requested relief and any relief

5  whatsoever and dismissing Centrify's Complaint in its entirety with prejudice;

6      B.      A judgment that manufacturing, using, offering for sale, selling, or importing

7  Quest products and services into the United States does not infringe, induce the infringement of,

8  or contribute to the infringement of any claim of the '005 patent;

9      C.      A judgment that the claims of the '005 patent are invalid;

10      D.      An injunction against Centrify, its officers, agents, servants, employees, attorneys,

11  assignees, and those persons in active concert or participation with them, from making any threats

12  of, or charging or asserting or instituting any action for, infringement of the '005 patent against

13  Quest or anyone in privity with Quest, including its suppliers, successors, assigns, agents,

14  customers, and/or potential customers;

15      E.      A judgment that this case is exceptional pursuant to 35 U.S.C. § 285, and that

16  Quest is entitled to recovery of its costs of suit, including reasonable attorney's fees; and

17      F.      For such other relief as the Court may deem just and proper.

18  **JURY DEMAND**

19      Quest demands a trial by jury on all issues triable that are raised in the Complaint, or in

20  Quest's First Amended Answer and Counterclaims.

21

22

23  Dated: January 20, 2011                    COOLEY LLP

24

25                                            /s/ *Orion Armon*
                                              Orion Armon (pro hac vice)

26                                            Attorneys for Defendant Quest Software, Inc.

27

28  350220 v1/CO

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 10-cv-03873-CW                    12.            AMENDED ANSWER TO
                                                          FIRST AMENDED COMPLAINT

COOLEY LLP
THOMAS J. FRIEL, JR. (State Bar No. 80065)
(tfriel@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

WAYNE O. STACY (pro hac vice)
(stacywo@cooley.com)
ORION ARMON (pro hac vice)
(oarmon@cooley.com)
COOLEY LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:     (720) 566-4099

Attorneys for Defendant
Quest Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTRIFY CORPORATION, | Case No.  4:10-cv-03873-CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| QUEST SOFTWARE, INC., | |
| Defendant. | |

1

2

**PROOF OF SERVICE**
**(FRCP 5)**

3        I, Orion Armon, am a citizen of the United States and a resident of the state of Colorado.

4   I am over the age of eighteen years.  My business address is Cooley LLP, 380 Interlocken

5   Crescent, Suite 900, Broomfield, CO 80021.  On the date set forth below I caused the documents

6   described below to be served in the manner described:

7        **DEFENDANT QUEST SOFTWARE, INC.'S AMENDED ANSWER TO**
         **PLAINTIFF'S FIRST AMENDED COMPLAINT**

8

9   ☐   (BY U.S. MAIL) I am personally and readily familiar with the business practice of
        Cooley LLP for collection and processing of correspondence for mailing with the

10      United States Postal Service, and I caused such envelope(s) with postage thereon
        fully prepaid to be placed in the United States Postal Service at Broomfield,

11      Colorado.

12  ☐   (BY OVERNIGHT MAIL) I am personally and readily familiar with the business
        practice of Cooley LLP for collection and processing of correspondence for

13      overnight delivery, and I caused such document(s) described herein to be
        deposited for delivery to a facility regularly maintained by _____ for

14      overnight delivery.

15  ☒   (BY ELECTRONIC MAIL) I am personally and readily familiar with the business
        practice of Cooley LLP for the preparation and processing of documents in

16      portable document format (PDF) for e-mailing, and I caused said documents to be
        prepared in PDF and then served by electronic mail to the parties listed below.

17

18      Edward V. Anderson                    evanderson@sidley.com

19      Marc R. Ascolese                      mascolese@sidley.com
        Philip W. Woo                         pww@sidley.com

20      Duy Duc Nguyen                        ddnguyen@sidley.com
        Sidley Austin, LLP

21      1001 Page Mill Road, Bldg 1
        Palo Alto, CA  94304

22

23

24      Executed on January 20, 2011 at Broomfield, Colorado.

25                          ___s/   Orion Armon_____

26                          Orion Armon

27

28