# Exhibit 1

COOLEY LLP
THOMAS J. FRIEL, JR. (State Bar No. 80065)
(tfriel@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

WAYNE O. STACY (pro hac vice)
(stacywo@cooley.com)
ORION ARMON (pro hac vice)
(oarmon@cooley.com)
COOLEY LLP
380 Interlocken Crescent
Suite 900
Broomfield, CO 80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

Attorneys for Defendant
Quest Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTRIFY CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUEST SOFTWARE, INC.,<br><br>　　　　　Defendant. | Case No. C 10-3873-CW<br><br>**QUEST SOFTWARE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO STAY**<br><br>Date: N/A<br>Time: N/A<br>Location: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

**I.     CENTRIFY'S OPPOSITION TO STAYING THIS LITIGATION IS UNDERCUT ITS ARGUMENTS IN FAVOR OF STAYING THE PARTIES' UTAH LITIGATION**

On January 26, 2011, Centrify filed a motion to stay the first-filed patent litigation that is pending between the parties in Utah. Centrify's arguments to the Utah court are relevant here because they contradict the arguments Centrify made when it opposed staying this litigation. Centrify's Utah court admissions concerning the benefits associated with staying litigation due to *inter partes* reexamination weigh strongly in favor of staying this litigation.

**A.     Procedural Posture And Background Facts**

Two patent lawsuits are pending between Quest and Centrify—a first-filed action in Utah initiated by Quest (*Quest Software, Inc. v. Centrify Corp. and Likewise Software, Inc.*, No. 2:10-CV-00859-TS (D. Utah)), and Centrify's second-filed action pending before this Court.

The United States Patent and Trademark Office granted petitions for *inter partes* reexamination of each of the parties' respective patents-in-suit, and the patent examiners assigned to each case have initially rejected all of the claims in each patent.

Quest filed a motion to stay this litigation due to the *inter partes* reexamination of Centrify's patent on December 9, 2010. (D.I. 29.) Centrify opposed Quest's motion. (D.I. 34.) Centrify claimed that "[c]ourts uniformly disfavor a stay pending *inter partes* reexamination because of the certainty of substantial delay." (D.I. 34 at 6.) Centrify also argued that the *inter partes* reexamination of its patent could "take upward of '78.4 months' or 6.53 years;" asserted that delay associated with a stay would be harmful, and would place it, as the patent owner, at a tactical disadvantage; and claimed that a stay "would further complicate this action." (D.I. 34 at 6-12.) Briefing on Quest's motion to stay is complete and the Court took the motion under advisement on January 20, 2011. (D.I. 39.)

On January 26, 2011, Centrify filed a motion in the District of Utah to stay that litigation due to the *inter partes* reexamination of Quest's patent-in-suit. (No. 2:10-CV-00859 D.I. 54.) Centrify's arguments in support of its motion to stay the Utah litigation contradicted the positions it took before this Court when it opposed Quest's Motion to Stay. (D.I. 29.)

**B.** **Argument**

Centrify flip-flopped on the appropriateness of staying litigation due to an *inter partes* reexamination. As a result, Centrify's arguments against staying this litigation are no longer entitled to any weight. Contrary to what Centrify argued in opposing a stay in this case, Centrify now argues to the Utah Court that a stay is appropriate in an early-stage litigation when all of the claims of the patent-in-suit have been initially rejected during *inter partes* reexamination.

Centrify's Motion to Stay the Utah litigation is attached as Exhibit A to the Declaration of Orion Armon. Quest invites the Court to review Centrify's motion and see firsthand Centrify's newfound appreciation of litigation stays. Centrify's reversal of position on the stay issue is demonstrated by the arguments it makes in support of staying the Utah case. In its Utah motion, Centrify argues:

- Reexamination is *thirteen* times less costly than litigation (Ex. A at 1);
- Reexamination is conducted with special dispatch (*Id.*);
- There are "numerous benefits" of shifting determination of patent validity from the courts to the USPTO (Ex. A at 2);
- Stays simplify issues and streamline trial (*Id.*);
- Stays reduce the burden of litigation on the parties and court (Ex. A at 3);
- Stays pending reexamination are not prejudicial to patent owners (Ex. A at 4); and
- A stay does not present a tactical advantage to the movant (Ex. A at 5).

Centrify's arguments to the Utah court are binding judicial admissions in this Court because the factual situation and procedural posture in the first-filed Utah litigation is currently very similar to the factual situation and procedural posture in this litigation. Centrify's dramatic change of position weighs heavily in favor of staying this litigation. (*See* Ex. A.)

To promote fairness, Quest sent a letter to Centrify on January 27, 2011 in which it reiterated its offer to bilaterally stay both the California and Utah litigations. The stays would remain in place in each case until the patentability of any asserted claim is confirmed. Quest's proposal is fair and helps ensure the stay does not remain in place too long. As of the filing of this supplemental brief, Centrify has not agreed to Quest's offer.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: January 28, 2011 | COOLEY LLP |
| 3 | | |
| 4 | | /s/ *Orion Armon* |
| 5 | | Orion Armon (pro hac vice) |
| 6 | | Attorneys for Defendant Quest Software, Inc. |

351273 v1/CO