# Exhibit A

EDWARD V. ANDERSON (SBN 83148)
evanderson@sidley.com
DUY D. NGUYEN (SBN 246271)
ddnguyen@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road
Building 1
Palo Alto, CA 94304
Telephone:    650-565-7000
Facsimile:    650-565-7100

PHILIP W. WOO (SBN 196459)
pwoo@sidley.com
MARC R. ASCOLESE (SBN 251397)
mascolese@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
Telephone:    415-772-1200
Facsimile:    415-772-7400

*Attorneys for Plaintiff Centrify Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTRIFY CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>QUEST SOFTWARE, INC.<br><br>             Defendant. | Case No. 10-3873-CW<br><br>**CENTRIFY CORPORATION'S [PROPOSED] RESPONSE TO QUEST SOFTWARE'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY**<br><br>Date:         N/A<br>Time:        N/A<br>Courtroom:  2, 4th Floor<br>Judge:       Hon. Claudia Wilken |

If any party can be said to have "flip-flopped" with respect to a stay pending reexamination, that party would be Defendant Quest Software, Inc.  Prior to Defendant's filing of its Motion to Stay, Centrify proposed staying this action and the Utah action pending reexamination in view of the PTO ordering *inter partes* reexamination of the parties' respective asserted patents.  Defendant declined this proposal on the grounds that the PTO had yet not issued an office action rejecting all of the claims of Defendant's patent.  That day arrived on January 21, 2011.  But instead of immediately agreeing to mutual stays of litigation as it suggested that it would do, Defendant "flip-flopped," refusing to stipulate to mutual stays and imposing yet another arbitrary condition.  Defendant's latest offer is to stay "each case until the patentability of any asserted claim is confirmed."[1]  Def.'s Suppl. Br. at 2:25-26.  This arrangement is anything but "fair" or reasonable.  *Id.* at 2:26-27.

First, Defendant's proposal is counter to the rationale for staying litigation pending reexamination—*i.e.*, to allow the PTO, with all of its expertise, to resolve the question of validity of disputed claims in an asserted patent.  Defendant proposes that "[t]he stay in each case would remain in place until the patentability of any asserted claim in the underlying litigation is *confirmed*" (emphasis added).  A claim can be "confirmed" early on in the reexamination process, but may still ultimately be rejected or modified in subsequent PTO office actions or after appeal to the Board of Patent Appeals and Interferences ("Board") and/or Federal Circuit.  Thus, Defendant's proposal may result in a stay being lifted long before the reexamination process is complete.  The most judicious use of the resources of the courts, the parties, and the PTO would be to allow the PTO to complete the reexamination of the parties' respective patents before moving forward with litigation.  Defendant's proposed conditional stay would only result in delay without the additional benefit of allowing the PTO to settle the dispute over validity.

---

[1] Confirmation of a claim during reexamination does not fully settle proceedings before the PTO as there may be subsequent Office Actions, Actions Closing Prosecution, appeals to the Board, remands from the Board, appeals to the Federal Circuit, and remands from the Federal Circuit that may change the status of that claim.  *See* Centrify's Opposition to Defendant's Motion to Stay at 2:19-4:16 (Dkt. no. 34).  Indeed, *inter partes* reexaminations are not completed until issuance of the reexamination certificate.  *See* 35 U.S.C. § 316.

-1-

1    Second, Centrify is at a disadvantage under this proposal due to the procedural differences
2    between this District and the District of Utah.  The Northern District of California has local patent
3    rules requiring early disclosure of asserted claims.  Pursuant to these local rules, Centrify has already
4    identified its asserted claims and limited itself to a reasonable number of claims.  In contrast, the
5    District of Utah has no such local patent rules nor does it require early disclosure of asserted claims.
6    As such, Defendant has not yet identified its asserted claims.  Thus, Defendant's proposal allows it to
7    potentially "game" the stay by monitoring the reexamination of its patent and then asserting only
8    claims that might be "confirmed" early on in reexamination.  Accordingly, Centrify maintains its
9    opposition to a stay of this action if Defendant is not willing to stay the Utah action conditioned
10   upon issuance of a reexamination certificate of Defendant's asserted patent.

11   There is no inconsistency between Centrify opposing a stay of this action while seeking a
12   stay of the Utah action because of the underlying factual circumstances.  As previously explained to
13   the Court, Centrify undertook considerable deliberation and determined that, at this time, the
14   tremendous costs associated with litigating two matters against an apparently over-litigious
15   adversary outweighed the harm to Centrify's competitive position due to Defendant's infringement.
16   Therefore, Centrify offered to stay this action subject to Defendant agreeing to stay the Utah action.
17   Defendant refused to enter into such a mutual stay (along with the advantages associated therewith),
18   demanding to proceed with the Utah action while seeking to stay this action.  Centrify could not
19   stand idly by while its much larger and deep-pocketed adversary attempted to obtain such a tactical
20   advantage.  Justifiably, Centrify opposed Defendant's Motion to Stay.  And after the PTO issued an
21   office action rejecting all of the claims of Defendant's patent being asserted in the Utah action,
22   Centrify prudently moved to stay that action pending reexamination.  Whereas Defendant's proposal
23   for a stay in this case is neither fair nor reasonable as discussed above, a stay of the Utah action is
24   particularly appropriate.  In that case, Defendant has tracked Centrify and its products since
25   Centrify's inception in 2004, argued to the PTO in 2008 that Centrify copied its purported invention,
26   but waited more than 9 months after the issuance of Defendant's asserted patent before filing suit
27   against Centrify.  Under these circumstances, it is disingenuous for the Defendant to argue that it
28   would suffer undue prejudice as a result of a stay of the Utah action in view of its own substantial

-2-

1  delay in instituting action against Centrify.  Moreover, the remaining factors considered by the Tenth

2  Circuit to a stay pending reexamination, as discussed in Centrify's motion to stay the Utah action,

3  weigh in favor of a stay of that action.

5  Dated: February 1, 2011               SIDLEY AUSTIN LLP

6                                          /s/  Edward V. Anderson
                                         _____

                                         EDWARD V. ANDERSON ( 83148)
                                         evanderson@sidley.com
                                         DUY D. NGUYEN (SBN 246271)
                                         ddnguyen@sidley.com
                                         SIDLEY AUSTIN LLP
                                         1001 Page Mill Road, Bldg. 1
                                         Palo Alto, CA 94304
                                         Telephone:    650-565-7000
                                         Facsimile:    650-565-7100

                                         PHILIP W. WOO (SBN 196459)
                                         pwoo@sidley.com
                                         MARC R. ASCOLESE (SBN 251397)
                                         mascolese@sidley.com
                                         SIDLEY AUSTIN LLP
                                         555 California Street
                                         San Francisco, CA 94104
                                         Telephone:    415-772-1200
                                         Facsimile:    415-772-7400
                                         *Attorneys for Defendant Centrify Corporation*