IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRIFY CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>QUEST SOFTWARE, INC.,<br><br>      Defendant.<br>_____/ | No. C 10-3873 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY (Docket Nos. 29 and 41) |

    Defendant Quest Software, Inc., moves to stay this patent infringement action pending the final outcome of the <u>inter partes</u> reexamination by the United States Patent and Trademark Office (PTO) of the patent at issue in this case. Plaintiff Centrify Corporation opposes the motion. After briefing closed on its motion to stay, Quest filed a motion for leave to file a supplemental brief in support of its motion to stay. The motions were taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Quest's motion for leave to file a supplemental brief and DENIES without prejudice Quest's motion to stay.

## BACKGROUND

    Centrify owns U.S. Patent No. 7,591,005 ('005 patent), which claims technology that provides "methods of accepting a common local log-in name on a UNIX host computer and converting it into a unique network log-in name used to identify a network user account on an authenticator." '005 patent, col.2:36-39. The '005 patent

has eight claims. Centrify alleges that Quest's Quest Authentication Services (QAS) software infringes the '005 patent. Centrify and Quest are competitors.

Centrify initiated this lawsuit on August 30, 2010. On August 31, 2010, Quest petitioned the PTO for an inter partes reexamination of the '005 patent. On November 15, 2010, the PTO granted Quest's request for reexamination, concluding that there was a substantial new question of patentability. Armon Decl., Ex. 1. The same day, the PTO issued an initial office action indicating that all eight claims of the '005 patent were rejected. Id., Ex. 2.

The parties are also litigating a patent infringement case, initiated by Quest on August 27, 2010 in the District of Utah. See generally Quest Software, Inc. v. Centrify Corp., Case No. 2:10-cv-00859-TS (D. Utah). Quest alleges that Centrify and Likewise Software, a software company that allegedly has a principal place of business in Bellevue, Washington, infringe U.S. Patent No. 7,617,501 ('501 patent), which relates to Quest's QAS software. On November 24, 2010, the PTO granted Centrify's request for an inter partes reexamination, concluding that there was a substantial new question of patentability. The PTO's order granting Centrify's request was not accompanied by an initial office action. On December 23, 2010, Centrify moved to transfer the Utah action to this judicial district.

DISCUSSION

As the Federal Circuit has noted, "Courts have inherent power to manage their dockets and stay proceedings, including the

2

authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). While courts are not required to stay judicial proceedings pending reexamination of a patent, a stay for purposes of reexamination is within the district court's discretion. See, e.g., Patlex Corp. v. Mossinghoff, 758 F.2d 594, 603 (Fed. Cir. 1985).

In determining whether to stay a case pending reexamination, a court may consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. In re Cygnus Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

Although this case is in its early stages, the Court will not stay it at this time. Quest argues that the PTO will complete the reexamination expediently, but this is speculative. The PTO's statistics suggest that staying this case could delay final resolution of Centrify's infringement claims. "Although the 'delay inherent in the reexamination process does not constitute, by itself, undue prejudice,' delay is certainly a factor to be considered." Wordtech Sys., Inc. v. Microboards Mfg., LLC, 2010 WL 1641510, at *2 (quoting Esco Corp. v. Berkeley Forge & Tool, Inc., 2009 WL 3078463, at *3 (N.D. Cal.)). Centrify cannot conduct discovery in the reexamination process. Because the reexamination may not resolve the parties' dispute, it may be necessary to

3

develop the factual record in this action. This could be undertaken while the PTO performs its reexamination. However, if the PTO has not completed its reexamination and the deadline for the parties' briefs on claim construction and dispositive motions approaches, Quest may renew its motion to stay. Further, it would appear to be most efficient to litigate the parties' claims against each other in a single action. The court in Quest Software, Inc. v. Centrify Corp., Case No. 2:10-cv-00859-TS (D. Utah), has not yet ruled on Centrify's motion to transfer that action to this judicial district. If the Utah court transfers that case to this district, this Court would consolidate the cases. If the Utah court denies Centrify's motion to transfer, Quest may move to transfer this action to the District of Utah; this Court will not stay this case to prevent Quest from doing so.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Quest's motion for leave to file a supplemental brief (Docket No. 41) and DENIES without prejudice Quest's motion to stay the present case pending the inter partes reexamination. (Docket No. 29.) Quest may renew its motion to stay if the PTO has not completed its reexamination of the '005 patent by the time the deadline approaches for the parties' claim construction briefs and dispositive motions.

If the Utah court denies Centrify's motion to transfer, the parties shall notify this Court, and Quest may move, within fourteen days thereafter, to transfer this action to the District of Utah. If Quest so moves, Centrify's opposition shall be due fourteen days after Quest's motion is filed. Quest's reply, if

4

any, shall be due seven days after that.  Any motion to transfer will be taken under submission on the papers.

IT IS SO ORDERED.

Dated: 2/11/11

CLAUDIA WILKEN
United States District Judge