**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTRIFY CORPORATION,

      Plaintiff,

  v.

QUEST SOFTWARE, INC.,

      Defendant.

_____/

No. C 10-3873 CW

ORDER GRANTING
DEFENDANT'S
MOTION FOR LEAVE
TO FILE
SUPPLEMENTAL
BRIEF AND DENYING
WITHOUT PREJUDICE
DEFENDANT'S
MOTION TO STAY
(Docket Nos. 29
and 41)

Defendant Quest Software, Inc., moves to stay this patent infringement action pending the final outcome of the inter partes reexamination by the United States Patent and Trademark Office (PTO) of the patent at issue in this case. Plaintiff Centrify Corporation opposes the motion. After briefing closed on its motion to stay, Quest filed a motion for leave to file a supplemental brief in support of its motion to stay. The motions were taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Quest's motion for leave to file a supplemental brief and DENIES without prejudice Quest's motion to stay.

BACKGROUND

Centrify owns U.S. Patent No. 7,591,005 ('005 patent), which claims technology that provides "methods of accepting a common local log-in name on a UNIX host computer and converting it into a unique network log-in name used to identify a network user account on an authenticator." '005 patent, col.2:36-39. The '005 patent

**United States District Court**
For the Northern District of California

1  has eight claims.  Centrify alleges that Quest's Quest

2  Authentication Services (QAS) software infringes the '005 patent.

3  Centrify and Quest are competitors.

4      Centrify initiated this lawsuit on August 30, 2010.  On August

5  31, 2010, Quest petitioned the PTO for an <u>inter partes</u>

6  reexamination of the '005 patent.  On November 15, 2010, the PTO

7  granted Quest's request for reexamination, concluding that there

8  was a substantial new question of patentability.  Armon Decl., Ex.

9  1.  The same day, the PTO issued an initial office action

10  indicating that all eight claims of the '005 patent were rejected.

11  <u>Id.</u>, Ex. 2.

12      The parties are also litigating a patent infringement case,

13  initiated by Quest on August 27, 2010 in the District of Utah.  <u>See</u>

14  <u>generally</u> <u>Quest Software, Inc. v. Centrify Corp.</u>, Case No. 2:10-cv-

15  00859-TS (D. Utah).  Quest alleges that Centrify and Likewise

16  Software, a software company that allegedly has a principal place

17  of business in Bellevue, Washington, infringe U.S. Patent No.

18  7,617,501 ('501 patent), which relates to Quest's QAS software.  On

19  November 24, 2010, the PTO granted Centrify's request for an <u>inter</u>

20  <u>partes</u> reexamination, concluding that there was a substantial new

21  question of patentability.  The PTO's order granting Centrify's

22  request was not accompanied by an initial office action.  On

23  December 23, 2010, Centrify moved to transfer the Utah action to

24  this judicial district.

25                              DISCUSSION

26      As the Federal Circuit has noted, "Courts have inherent power

27  to manage their dockets and stay proceedings, including the

28                                  2

**United States District Court**
For the Northern District of California

1    authority to order a stay pending conclusion of a PTO

2    reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27

3    (Fed. Cir. 1988) (citation omitted).  While courts are not required

4    to stay judicial proceedings pending reexamination of a patent, a

5    stay for purposes of reexamination is within the district court's

6    discretion.  See, e.g., Patlex Corp. v. Mossinghoff, 758 F.2d 594,

7    603 (Fed. Cir. 1985).

8         In determining whether to stay a case pending reexamination, a

9    court may consider the following factors: (1) whether discovery is

10   complete and whether a trial date has been set; (2) whether a stay

11   would simplify the issues in question and trial of the case; and

12   (3) whether a stay would unduly prejudice or present a clear

13   tactical disadvantage to the non-moving party.  In re Cygnus

14   Telecomm. Tech., LLC Patent Litig., 385 F. Supp. 2d 1022, 1023

15   (N.D. Cal. 2005).

16        Although this case is in its early stages, the Court will not

17   stay it at this time.  Quest argues that the PTO will complete the

18   reexamination expediently, but this is speculative.  The PTO's

19   statistics suggest that staying this case could delay final

20   resolution of Centrify's infringement claims.  "Although the 'delay

21   inherent in the reexamination process does not constitute, by

22   itself, undue prejudice,' delay is certainly a factor to be

23   considered."  Wordtech Sys., Inc. v. Microboards Mfg., LLC, 2010 WL

24   1641510, at *2 (quoting Esco Corp. v. Berkeley Forge & Tool, Inc.,

25   2009 WL 3078463, at *3 (N.D. Cal.)).  Centrify cannot conduct

26   discovery in the reexamination process.  Because the reexamination

27   may not resolve the parties' dispute, it may be necessary to

28                                      3

**United States District Court**
For the Northern District of California

1  develop the factual record in this action.  This could be

2  undertaken while the PTO performs its reexamination.  However, if

3  the PTO has not completed its reexamination and the deadline for

4  the parties' briefs on claim construction and dispositive motions

5  approaches, Quest may renew its motion to stay.  Further, it would

6  appear to be most efficient to litigate the parties' claims against

7  each other in a single action.  The court in <u>Quest Software, Inc.</u>

8  <u>v. Centrify Corp.</u>, Case No. 2:10-cv-00859-TS (D. Utah), has not yet

9  ruled on Centrify's motion to transfer that action to this judicial

10 district.  If the Utah court transfers that case to this district,

11 this Court would consolidate the cases.  If the Utah court denies

12 Centrify's motion to transfer, Quest may move to transfer this

13 action to the District of Utah; this Court will not stay this case

14 to prevent Quest from doing so.

15                              CONCLUSION

16     For the foregoing reasons, the Court GRANTS Quest's motion for

17 leave to file a supplemental brief (Docket No. 41) and DENIES

18 without prejudice Quest's motion to stay the present case pending

19 the <u>inter partes</u> reexamination.  (Docket No. 29.)  Quest may renew

20 its motion to stay if the PTO has not completed its reexamination

21 of the '005 patent by the time the deadline approaches for the

22 parties' claim construction briefs and dispositive motions.

23     If the Utah court denies Centrify's motion to transfer, the

24 parties shall notify this Court, and Quest may move, within

25 fourteen days thereafter, to transfer this action to the District

26 of Utah.  If Quest so moves, Centrify's opposition shall be due

27 fourteen days after Quest's motion is filed.  Quest's reply, if

28                                  4

1  any, shall be due seven days after that.  Any motion to transfer

2  will be taken under submission on the papers.

3       IT IS SO ORDERED.

4

5  Dated: 2/11/11                    _____

6                                    CLAUDIA WILKEN
                                     United States District Judge