# EXHIBIT A

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| QUEST SOFTWARE, INC.,<br><br>    Plaintiff,<br><br><br><br><br><br>                vs.<br><br><br>CENTRIFY CORPORATION and<br>LIKEWISE SOFTWARE, INC.,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER DENYING DEFENDANT<br>CENTRIFY CORPORATION'S<br>MOTION TO TRANSFER VENUE<br>AND MOTION TO STAY PENDING<br>*INTER PARTES* REEXAMINATION<br><br><br><br>Case No. 2:10-CV-859 TS |

This matter is before the Court on Defendant Centrify Corporation's Motion to Transfer Venue and Motion to Stay Pending *Inter Partes* Reexamination. The Court heard oral argument on the Motions on March 18, 2011. For the reasons discussed below, the Court will deny both Motions.

## I. BACKGROUND

Plaintiff Quest Software, Inc. filed this action on August 27, 2010, against Defendants Centrify Corporation and Likewise Software, Inc. Plaintiff alleges that certain of Defendants'

products infringe U.S. Patent No. 7,617,501 (the "'501 Patent") which has been acquired by Plaintiff.

## II. MOTION TO TRANSFER VENUE

Defendant Centrify Corporation moves this Court to transfer this action to the Northern District of California. Centrify argues that its principal place of business is the Northern District of California, that Plaintiff Quest software has offices in the Northern District of California, that many witnesses are located in that District, and that it would be more convenient for this matter to proceed there. Quest opposes Centrify's Motion.

A motion to transfer venue for *forum non conveniens* is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[1] "Merely shifting the inconvenience from one side to the other, however, is not a permissible justification for a change of venue."[2]

In determining whether to transfer this matter, the Court must make two determinations. First, the Court must determine whether this action could have been brought in the proposed transferee district. There is no dispute here that this action could have been brought in the Northern District of California.[3] Therefore, this first element has been met.

---

[1] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[2] *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

[3] At oral argument, Plaintiff argued that there was no information as to whether this action could be brought against Defendant Likewise Software, Inc. in the Northern District of

2

Second, the Court must consider whether it is for the convenience of the parties and witnesses, and in the interest of justice, to transfer this matter. This is an individualized, case-by-case, determination.[4] The Court considers a number of factors in considering the convenience and fairness of transferring a matter, including:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[5]

The Court will consider those factors that are presented in this case.

A.     PLAINTIFF'S CHOICE OF FORUM

The Tenth Circuit has long held that "unless the evidence and the circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed."[6] Thus, the Court must give great weight to Plaintiff's choice of forum.[7] "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district."[8]

---

California. Likewise, however, stated that jurisdiction would be proper in the Northern District of California and that it does not object to transfer.

[4]*Chrysler Credit Corp.*, 928 F.2d at 1516.

[5]*Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

[6]*Id.*

[7]*KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F.Supp. 2d 1212, 1214 (D. Kan. 1998).

[8]*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).

3

Here, Plaintiff is not a resident of Utah.  However, the technology that is the subject of the '501 Patent was conceived of in Utah by individuals who reside in Utah.  Further, the relevant division of Plaintiff remains in Utah.  Additionally, Plaintiff has identified witnesses and documentation in Utah which are pertinent to this action.  Therefore, the Court finds that this factor weighs against transferring the action.

B.      ACCESSABILITY OF WITNESSES AND SOURCES OF PROOF

"'The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).'"[9]  To demonstrate inconvenience, the moving party must: (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.[10]

The parties present differing arguments on this point.  Not surprisingly, Centrify argues that most of the witnesses who have information relevant to this action reside in Northern California, while Quest argues that most of the relevant witnesses reside in Utah.  At this point in the litigation, the Court cannot conclusively state which witnesses have more relevant knowledge than others.  It appears that there are numerous witnesses who have information relevant to this action who reside in both Utah and Northern California, as well as other locations.  There is no evidence from either party to show that any of these witnesses are unwilling to come to trial in

---

[9]*Id*. at 1169 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993)).

[10]*Id*.

Utah, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.  Therefore, this factor is neutral.

C.    COST OF MAKING NECESSARY PROOF

Centrify argues that litigating this action in Utah will require both parties to spend far more than they would if the case were in California.  However, there is no evidence to support this argument.  As discussed, the witnesses are divided between Utah, Northern California, and several other locations.  Therefore, the costs will likely be equal no matter where this matter is litigated.  The Court finds this factor to be neutral.

D.    DIFFICULTIES THAT MAY ARISE FROM CONGESTED DOCKETS

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[11]  According to the federal court management statistics released in September 2010, the statistics are divided here.[12]  Utah has a quicker median time from filing to disposition, however, the Northern District of California has a quicker median time from filing to trial.  Further, the Northern District of California has a higher number of pending cases and average weighted filings per judge.  The statistics relied upon by Plaintiff provide that Utah is ranked 17th in time to resolution and 24th in time to trial, while the Northern District of California is ranked 30th in time to resolution and 21st in time to trial.[13]

_____

[11]*Id.*

[12]Federal court management statistics are available at http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Sep.pl

[13]Docket No. 50, Armon Decl. Ex. 2.

Based on these statistics, there is nothing to suggest that the docket in the Northern District of California is significantly less congested than the docket in Utah. Further, counsel for Plaintiff represented at oral argument that trial dates have now been set in both cases and the trial date in this matter is set six months earlier than the trial in the Northen District of California. Therefore, the Court finds that this factor weighs against transfer.

E.     OTHER CONSIDERATIONS OF A PRACTICAL NATURE THAT MAKE TRIAL EASY, EXPEDITIOUS AND ECONOMICAL

As to this factor, Centrify points out that Centrify and Quest are engaged in another patent litigation matter in the Northern District of California. Centrify represents that, though that matter involves a different patent, it does involve similar technology and implicates the same products. Therefore, Centrify argues, it is in the interests of justice and judicial economy that the two cases be handled in the Northern District of California. Judge Wilken in the Northern District of California has stated that it appears to be most efficient to litigate the parties' claims against each other in a single action.[14] Judge Wilken has indicated that if this Court transfers this matter to the Northern District of California, the matters will be consolidated. If the Court does not transfer this matter, Judge Wilken has indicated that Quest may move to transfer that action to the District of Utah.

While it certainly makes more sense for these two matters to be litigated together, this does not present a sufficient reason, on its own, to transfer the case to the Northern District of California. Rather, since the action in this case was filed first, the appropriate method of

---

[14]Docket No. 60, Ex. A at 4.

handling this situation is for Quest to file a motion with the California court.  The determination

of whether to transfer the California case to this Court is a decision best left to the California

court.  Therefore, this factor does not weigh in favor of transfer.

F.      REMAINING FACTORS

        The remaining factors—questions as to the enforceability of a judgment if one is

obtained; relative advantages and obstacles to a fair trial; the possibility of the existence of

questions arising in the area of conflict of laws; and the advantage of having a local court

determine questions of local law—are not relevant here.  A judgment from Utah will be just as

enforceable as one from California.  There are no identified advantages or obstacles to a fair trial

in this District.  This is a patent case, therefore there will be no questions arising concerning

conflicts of law or local law.

        Based on all of the above, the Court finds that Centrify has not met its burden of

establishing that the existing forum is inconvenient.  At most, Centrify has shown that certain

witnesses will have to travel from California and elsewhere to Utah to participate in this

litigation, and that there will be certain costs associated with that process.  However, the same

can be said of nearly all litigation and this case is not so unique in that respect as to provide a

basis for transfer.  The remaining factors considered above do not provide any more reason to

transfer.  Therefore, Centrify's Motion to Transfer Venue will be denied.

III.  MOTION TO STAY PENDING *INTER PARTES* REEXAMINATION

In the alternative, Defendant Centrify requests that the Court stay this action pending completion of *inter partes* reexamination by the Patent and Trademark Office ("PTO") of the '501 Patent.

A.      BACKGROUND

As set forth above, Plaintiff Quest filed this action on August 27, 2010, against Defendants Centrify Corporation and Likewise Software alleging that Defendants are infringing the '501 Patent.  On August 30, 2010, Centrify filed suit against Quest in the Northern District of California, alleging infringement of a different patent: the '005 Patent (the "California Action").  Quest requested the PTO conduct an *inter partes* reexamination of Centrify's patent that is the subject of the California Action.  That request was granted and the claims of the '005 Patent have been rejected.  The court in the California Action recently denied a stay in that case under similar circumstances to those presented here.[15]

On September 30, 2010, Centrify requested that the PTO conduct an *inter partes* reexamination of the '501 Patent.  The PTO granted Centrify's request for reexamination on November 24, 2010.  On January 21, 2011, the PTO issued an office action in the *inter partes* reexamination of the '501 Patent, rejecting all 40 claims of the '501 Patent.

---

[15]Docket No. 60, Ex. A.

8

B.      STANDARD

The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the PTO's reexamination of a patent by that Office.[16]  This Court has the inherent power to manage its docket and stay proceedings.[17]  Courts consider a number of factors in determining whether to stay litigation proceedings pending PTO reexamination, including: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (3) whether a stay will simplify the issues.[18]

C.      DISCUSSION

      1.      *Whether Discovery is Complete and Whether a Trial Date Has Been Set*

At the time the instant Motion was filed, no Scheduling Order was in place.  However, two days after the Motion was filed a Scheduling Order was entered.  Under that Scheduling Order, fact discovery is to be completed by July 29, 2011, and a trial date is set for April 9, 2012.  Even under this Scheduling Order, this case is still in its early stages.  Therefore, this factor weighs in favor of granting a stay.  However, granting a stay would put this case at odds with the California Action, in which a stay was recently denied.

---

[16]*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[17]*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).

[18]*In re Laughlin Products, Inc.*, 265 F.Supp. 2d 525, 530 (E.D. Pa. 2003).

9

2. *Whether a Stay Would Unduly Prejudice the Nonmoving Party or Present a Clear Tactical Advantage for the Moving Party*

A stay would likely prejudice Quest and would present a tactical advantage to Centrify. Quest alleges that Centrify is infringing its patent. By staying this action pending reexamination, Centrify would be able to continue its alleged infringing activities for several months, if not years. Both parties, in either this case or the California Action, have pointed to the fact that the completion of an *inter partes* reexamination would likely take at least six years and could take up to eight years to complete.[19] While the reexamination is taking place, Plaintiff may suffer real harm, especially considering Centrify's claims that it is a small start-up company and has only recently become profitable. Further, Quest, as well as Centrify, would be prejudiced by a lengthy stay because of the loss of evidence and fading of memories that is sure to occur over such a time. Additionally, the Court is cognizant of the fact that both parties appear to be seeking a tactical advantage by taking inconsistent positions in regards to a stay in this action and the California Action. The Court finds that the best resolution is to keep this case in line with the California Action, in which a stay was recently denied.

3. *Whether a Stay Will Simplify the Issues*

Finally, it is not clear whether a stay will simplify the issues. There is a good chance that at least some of the claims of the '501 will survive the reexamination process, leaving the Court and the parties in the same position they are in now, only months or years later. With such uncertainty, a stay is not appropriate.

---

[19] Docket No. 59 at 1-2; Docket No. 59, Armon Decl., Ex. 5 at 6.

10

IV.  CONCLUSION

It is therefore

ORDERED that Centrify Corporation's Motion to Transfer Venue (Docket No. 42) is

DENIED.  It is further

ORDERED that Centrify Corporation's Motion to Stay Case Pending *Inter Partes*

Reexamination (Docket No. 53) is DENIED.

DATED   March 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

11