[JOINT FILING — SEE SIGNATURE PAGE FOR COUNSEL]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTRIFY CORPORATION, | Case No. 10-3873-CW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| QUEST SOFTWARE, INC. | |
| Defendant. | |

1    1.    PURPOSES AND LIMITATIONS

2         Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public disclosure

4    and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly,

5    the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

6    Order.  The parties acknowledge that this Order does not confer blanket protections on all

7    disclosures or responses to discovery and that the protection it affords from public disclosure and use

8    extends only to the limited information or items that are entitled to confidential treatment under the

9    applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4 below, that

10   this Stipulated Protective Order does not entitle them to file confidential information under seal;

11   Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

12   applied when a party seeks permission from the court to file material under seal.

13   2.    DEFINITIONS

14        2.1.    Challenging Party:  a Party or Non-Party that challenges the designation of

15   information or items under this Order.

16        2.2.    "CONFIDENTIAL" Information or Items:  information (regardless of how it

17   is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

18   of Civil Procedure 26(c).

19        2.3.    Counsel (without qualifier):  Outside Counsel of Record and House Counsel

20   (as well as their support staff).

21        2.4.    Designating Party:  a Party or Non-Party that designates information or items

22   that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

24   CODE."

25        2.5.    Disclosure or Discovery Material:  all items or information, regardless of the

26   medium or manner in which it is generated, stored, or maintained (including, among other things,

27   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

28   responses to discovery in this matter.

-1-

2.6.    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8.    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9.    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12.    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

-2-

2.14.   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16.   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

1   including the time limits for filing any motions or applications for extension of time pursuant to

2   applicable law.

3       5.      DESIGNATING PROTECTED MATERIAL

4       5.1.    Exercise of Restraint and Care in Designating Material for Protection.  Each

5   Party or Non-Party that designates information or items for protection under this Order must take

6   care to limit any such designation to specific material that qualifies under the appropriate standards.

7   To the extent it is practical to do so, the Designating Party must designate for protection only those

8   parts of material, documents, items, or oral or written communications that qualify – so that other

9   portions of the material, documents, items, or communications for which protection is not warranted

10   are not swept unjustifiably within the ambit of this Order.

11       Designations that are shown to be clearly unjustified or that have been made for an

12   improper purpose (e.g., to unnecessarily encumber or retard the case development process or to

13   impose unnecessary expenses and burdens on other parties) expose the Designating Party to

14   sanctions.

15       If it comes to a Designating Party's attention that information or items that it

16   designated for protection do not qualify for protection at all or do not qualify for the level of

17   protection initially asserted, that Designating Party must promptly notify all other Parties that it is

18   withdrawing the mistaken designation.

19       5.2.    Manner and Timing of Designations.  Except as otherwise provided in this

20   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

21   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

22   designated before the material is disclosed or produced.

23       Designation in conformity with this Order requires:

24       (a)     for information in documentary form (e.g., paper or electronic documents, but

25   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

26   affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27   ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (or the substantial equivalent thereof)

28   to each page that contains protected material.  If only a portion or portions of the material on a page

-4-

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order within two business days. Before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (or the substantial equivalent thereof)) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

-5-

1    Parties shall give the other parties notice if they reasonably expect a deposition,

2  hearing, or other proceeding to include Protected Material so that the other parties can ensure that

3  only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

4  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

5  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6  ATTORNEYS' EYES ONLY."

7    Transcripts containing Protected Material shall have an obvious legend on the title

8  page that the transcript contains Protected Material, and the title page shall be followed by a list of

9  all pages (including line numbers as appropriate) that have been designated as Protected Material

10  and the level of protection being asserted by the Designating Party.  The Designating Party shall

11  inform the court reporter of these requirements.  Any transcript that is prepared before the expiration

12  of a 21-day period for designation shall be treated during that period as if it had been designated

13  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

14  agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

15    (c)    for information produced in some form other than documentary and for any

16  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

17  container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

18  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

19  SOURCE CODE" (or the substantial equivalent thereof).  If only a portion or portions of the

20  information or item warrant protection, the Producing Party, to the extent practicable, shall identify

21  the protected portion(s) and specify the level of protection being asserted.

22    5.3.    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

23  to designate qualified information or items does not, standing alone, waive the Designating Party's

24  right to secure protection under this Order for such material.  Upon timely correction of a

25  designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

26  accordance with the provisions of this Order.

27

28

-6-

1          6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

2          6.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation

3  of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

4  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

5  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

6  confidentiality designation by electing not to mount a challenge promptly after the original

7  designation is disclosed.

8          6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution

9  process by providing written notice of each designation it is challenging and describing the basis for

10  each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice

11  must recite that the challenge to confidentiality is being made in accordance with this specific

12  paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith

13  and must begin the process by conferring directly (in voice to voice dialogue; other forms of

14  communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the

15  Challenging Party must explain the basis for its belief that the confidentiality designation was not

16  proper and must give the Designating Party an opportunity to review the designated material, to

17  reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the

18  chosen designation.  A Challenging Party may proceed to the next stage of the challenge process

19  only if it has engaged in this meet and confer process first or establishes that the Designating Party is

20  unwilling to participate in the meet and confer process in a timely manner.

21          6.3.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

22  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

23  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

24  initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

25  will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a

26  competent declaration affirming that the movant has complied with the meet and confer

27  requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a

28  motion including the required declaration within 21 days (or 14 days, if applicable) shall

1    automatically waive the confidentiality designation for each challenged designation.  In addition, the

2    Challenging Party may file a motion challenging a confidentiality designation at any time if there is

3    good cause for doing so, including a challenge to the designation of a deposition transcript or any

4    portions thereof.  Any motion brought pursuant to this provision must be accompanied by a

5    competent declaration affirming that the movant has complied with the meet and confer

6    requirements imposed by the preceding paragraph.

7            The burden of persuasion in any such challenge proceeding shall be on the

8    Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or

9    impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to

10   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file

11   a motion to retain confidentiality as described above, all parties shall continue to afford the material

12   in question the level of protection to which it is entitled under the Producing Party's designation

13   until the court rules on the challenge.

14       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

15           7.1.   Basic Principles.  A Receiving Party may use Protected Material that is

16   disclosed or produced by another Party or by a Non-Party in connection with this case only for

17   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

18   disclosed only to the categories of persons and under the conditions described in this Order.  When

19   the litigation has been terminated, a Receiving Party must comply with the provisions of section 15

20   below (FINAL DISPOSITION).

21           Protected Material must be stored and maintained by a Receiving Party at a location

22   and in a secure manner that ensures that access is limited to the persons authorized under this Order.

23           7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

24   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

25   disclose any information or item designated "CONFIDENTIAL" only to:

26           (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

27   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

28   information for this litigation;

-8-

1        (b)     up to three people who are officers, directors, or employees (including House
2  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and
3  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4        (c)     Experts (as defined in this Order) and professional jury or trial consultants,
5  including their secretarial and clerical personnel, of the Receiving Party to whom disclosure is
6  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement
7  to Be Bound" (Exhibit A);

8        (d)     the court and its personnel;

9        (e)     court reporters and Professional Vendors to whom disclosure is reasonably
10  necessary for this litigation;

11        (f)     during their depositions, witnesses in the action to whom disclosure is
12  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
13  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of
14  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
15  separately bound by the court reporter and may not be disclosed to anyone except as permitted under
16  this Stipulated Protective Order.

17        (g)     the author or recipient of a document containing the information or a
18  custodian or other person who otherwise possessed or knew the information.

19    (h)     mock jurors and jury consultants retained to assist counsel of record in this case who
20  become qualified to receive material designated under this Stipulated Protective Order in accordance
21  with the following procedure:

22        (i)     For any jury research, an appropriate screening must be used to ensure
23  that the jury consultant(s) and mock jurors chosen for any mock jury are not current
24  or former officers, directors, employees, or consultants of any party or direct
25  competitors of any party.

26        (ii)     Each mock juror or jury consultant must agree to be bound by the
27  terms of this Stipulated Protective Order and must execute the agreement in Exhibit

28

-9-

1    A.  The party retaining the mock jurors or jury consultants shall retain the executed

2    agreements.

3    7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES  ONLY"

4    and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise

5    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

6    disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7    ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

8    (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

9    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

10   information for this litigation;

11   (b)    Experts (as defined in this Order) of the Receiving Party, including their

12   secretarial and clerical personnel, (1) to whom disclosure is reasonably necessary for this litigation,

13   (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to

14   whom the procedures set forth in paragraph 7.4(a), below, have been followed;

15   (c)    the court and its personnel;

16   (d)    court reporters and Professional Vendors to whom disclosure is reasonably

17   necessary for this litigation; and

18   (e)    the author or recipient of a document containing the information or a

19   custodian or other person who otherwise possessed or knew the information.

20   (f)    mock jurors and jury consultants retained to assist counsel of record in this

21   case who become qualified to receive material designated under this Stipulated Protective Order in

22   accordance with the following procedure:

23   (i) For any jury research, an appropriate screening must be used to ensure that the

24   jury consultant(s) and mock jurors chosen for any mock jury are not current or

25   former officers, directors, employees, or consultants of any party or direct

26   competitors of any party.

27   (ii) Each mock juror or jury consultant must agree to be bound by the terms of

28   this Stipulated Protective Order and must execute the agreement in Exhibit A.

-10-

1        The party retaining the mock jurors or jury consultants shall retain the

2  executed agreements.

3        7.4.   Procedures for Approving or Objecting to Disclosure of "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

5  CODE" Information or Items to Experts.

6        (a)   Unless otherwise ordered by the court or agreed to in writing by the

7  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

8  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must

10  make a written request to the Designating Party that (1) identifies the general categories of

11  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

12  SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert,

13  (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

14  attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

15  identifies each person or entity from whom the Expert has received compensation or funding for

16  work in his or her areas of expertise or to whom the expert has provided professional services,

17  including in connection with a litigation, at any time during the preceding five years,  and (6)

18  identifies (by name and number of the case, filing date, and location of court) any litigation in

19  connection with which the Expert has offered expert testimony, including through a declaration,

20  report, or testimony at a deposition or trial, during the preceding five years.

21        (b)   A Party that makes a request and provides the information specified in the

22  preceding respective paragraphs may disclose the subject Protected Material to the identified Expert

23  unless, within 7 days of delivering the request, the Party receives a written objection from the

24  Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

25        (c)   A Party that receives a timely written objection must meet and confer with the

26  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

27  within 7 days of the written objection.  If no agreement is reached, the Party seeking to make the

28  disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with

-11-

1   Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion

2   must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the

3   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest

4   any additional means that could be used to reduce that risk.  In addition, any such motion must be

5   accompanied by a competent declaration describing the parties' efforts to resolve the matter by

6   agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the

7   reasons advanced by the Designating Party for its refusal to approve the disclosure.

8           In any such proceeding, the Party opposing disclosure to the Expert shall bear the

9   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

10  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

11      8.      PROSECUTION BAR

12          Absent written consent from the Producing Party, any individual who receives access

13  to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

14  "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the

15  prosecution of patents or patent applications relating to the subject matter of U.S. Patent Nos.

16  7,591,005 and 7,617,501 before any foreign or domestic agency, including the United States Patent

17  and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes

18  directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance

19  of patent claims, but does not include representing a party challenging a patent before a domestic or

20  foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

21  reexamination).  For each affected individual, this Prosecution Bar shall begin when access to

22  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

23  CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and

24  shall end two (2) years after final termination of this action or two (2) years after the affected

25  individual formally withdraws from this action, whichever occurs first.

26

27

28

-12-

9.      SOURCE CODE

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room.  The secured computer will be, at the Producing Party election: (i) a standalone computer without Internet access, network access, or other I/O port access to other computers or devices (besides keyboard, mouse, and display); (ii) a client computer with access via remote desktop restricted to a secure server with hosting the source code; or (iii) service provided by a third-party vendor agreeable to both Parties.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced.  By way of example, such tools include Eclipse, DOxygen, GREP, source code text editors, or similar tools.  In addition to these tools, the Receiving Party's outside counsel and/or experts may request that commercially available software tools reasonably necessary to assist in reviewing and searching the electronic source code be installed on the secured computer, in which case all necessary licenses and permissions shall be obtained by the Receiving Party at the that Party's expense.  The Receiving Party must provide the

-13-

1   Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) days

2   in advance of the date upon which the Receiving Party wishes to have the additional software tools

3   available for use on the Source Code Computer.  For emphasis, it should be noted that the tools for

4   reviewing source code may not be used to circumvent the protections of this Protective Order in any

5   way.

6          (d)     The Receiving Party may request paper copies of limited portions of source

7   code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

8   other papers, or for deposition or trial, but shall not request paper copies for the purpose of

9   reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.

10   The Producing Party shall provide all such source code in paper form, including bates numbers and

11   the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the

12   amount of source code requested in hard copy form pursuant to the dispute resolution procedure and

13   timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the

14   Receiving Party is the "Designating Party" for purposes of dispute resolution.

15          (e)     The Receiving Party shall maintain a record of any individual who has

16   inspected any portion of the source code in electronic or paper form.  The Receiving Party shall

17   maintain all paper copies of any printed portions of the source code in a secured, locked area.   The

18   Receiving Party shall only make additional paper or electronic copies if such additional copies are

19   (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's

20   expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.

21   Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of

22   each day and must not be given to or left with a court reporter or any other unauthorized individual.

23       10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

24   OTHER LITIGATION

25          If a Party is served with a subpoena or a court order issued in other litigation that

26   compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

27   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

28   SOURCE CODE," that Party must:

-14-

1    (a)    promptly notify in writing the Designating Party.  Such notification shall

2  include a copy of the subpoena or court order;

3    (b)    promptly notify in writing the party who caused the subpoena or order to issue

4  in the other litigation that some or all of the material covered by the subpoena or order is subject to

5  this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

6    (c)    cooperate with respect to all reasonable procedures sought to be pursued by

7  the Designating Party whose Protected Material may be affected.

8    If the Designating Party timely seeks a protective order, the Party served with the

9  subpoena or court order shall not produce any information designated in this action as

10  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  or  "HIGHLY

11  CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena

12  or order issued, unless the Party has obtained the Designating Party's permission.  The Designating

13  Party shall bear the burden and expense of seeking protection in that court of its confidential material

14  – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

15  Party in this action to disobey a lawful directive from another court.

16    11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE  PRODUCED IN</u>

17  <u>THIS LITIGATION</u>

18    (a)    The terms of this Order are applicable to information produced by a Non Party

19  in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such

21  information produced by Non-Parties in connection with this litigation is protected by the remedies

22  and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a

23  Non-Party from seeking additional protections.

24    (b)    In the event that a Party is required, by a valid discovery request, to produce a

25  Non-Party's confidential information in its possession, and the Party is subject to an agreement with

26  the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

27    1.    promptly notify in writing the Requesting Party and the Non-Party that

28  some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

-15-

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.      Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.   For the avoidance of doubt, the parties agree that employing electronic keyword searching to identify and prevent disclosure of privileged

-16-

material constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b)(2).

14.    MISCELLANEOUS

14.1.    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2.    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.    Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4.    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

1        15.     FINAL DISPOSITION

2        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

3   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

4   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

5   summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

6   the Protected Material is returned or destroyed, the Receiving Party must submit a written

7   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

8   by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

9   that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

10  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

11  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

12  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

13  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

14  and expert work product, even if such materials contain Protected Material.  Any such archival

15  copies that contain or constitute Protected Material remain subject to this Protective Order as set

16  forth in Section 4 (DURATION).

17

18

19

20

21

22

23

24

25

26

27

28

-18-

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2         Dated: May 24, 2011

3

4    By:   _/s/ Marc R. Ascolese_____    By:   _/s/ Brian Eutermoser_____
          EDWARD V. ANDERSON ( 83148)                THOMAS J. FRIEL, JR. (80065)
5         evanderson@sidley.com                      tfriel@cooley.com
          DUY D. NGUYEN (SBN 246271)                 COOLEY LLP
6         ddnguyen@sidleyc.com                       101 California Street, 5th Floor
          SIDLEY AUSTIN LLP                          San Francisco, CA  94111-5800
7         1001 Page Mill Road, Building 1            Telephone:     (415) 693-2000
          Palo Alto, CA 94304                        Facsimile:      (415) 693-2222
8         Telephone:     650-565-7000
          Facsimile:     650-565-7100                WAYNE O. STACY (*pro hac vice*)
9                                                    stacywo@cooley.com
          PHILIP W. WOO (SBN 196459)                 ORION ARMON (*pro hac vice*)
10        pwoo@sidley.com                            oarmon@cooley.com
          MARC R. ASCOLESE (SBN 251397)              BRIAN EUTERMOSER (*pro hac vice*)
11        mascolese@sidley.com                       beutermoser@cooley.com
          SIDLEY AUSTIN LLP                          COOLEY LLP
12        555 California Street, Suite 2000          380 Interlocken Crescent
          San Francisco, CA  94104-1715              Suite 900
13        Telephone:     415-772-1200                Broomfield, CO  80021-8023
          Facsimile:     415-772-7400                Telephone:     (720) 566-4000
14                                                   Facsimile:      (720) 566-4099
15
          ***Counsel for Plaintiff Centrify Corp.***
16                                                   ***Counsel for Defendant***
                                                     ***Quest Software, Inc.***
17

18

19

20   PURSUANT TO STIPULATION, IT IS SO ORDERED.

21   DATED:  _____5/25/2011_____

22

23                                                   CLAUDIA WILKEN

24                                                   United States District Judge

25

26

27

28
                                        -19-

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court].  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
              [printed name]

Signature: _____
          [signature]

+

-20-

1

**<u>SIGNATURE ATTESTATION</u>**

2       Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this

3   document has been obtained from each of the other signatories shown above.

4

5

6                                    _____*/s/ Brian Eutermoser*_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28