UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| CENTRIFY CORPORATION, | No. C 10-3873 CW (MEJ) |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | **RE: DOCKET NUMBER 103** |
| QUEST SOFTWARE, INC., | |
| Defendant. | |
| _____/ | |

Earlier this year, the Honorable Claudia Wilken, the presiding judge in this matter, granted the parties' stipulations allowing Plaintiff to supplement its Patent Local Rule (L.R.) 3-1(c) Disclosures to "provide citations to [Defendant's] source code and technical documents," information that had not been available to Plaintiff when it first served its Disclosures. Dkt. Nos. 65 and 78. In these stipulations, the parties specifically agreed that Plaintiff's "supplements will be limited to adding additional detail to provide additional evidentiary support for its infringement contentions" and the "stipulation does not extend to amendments to other aspects of [Plaintiff's] infringement contentions . . . ." *Id.*

In the joint discovery dispute letter filed by the parties on November 17, 2011 and currently pending before the Court, Defendant contends that Plaintiff did not abide by the above stipulations when it supplemented its Disclosures. Dkt. No. 103. Defendant asks this Court to strike Plaintiff's new infringement theories from the supplemental Disclosures, including the new assertions of infringement under the doctrine of equivalents. *Id.* Plaintiff disputes Defendant's interpretation of its Disclosures, arguing that it has not alleged any new theories. *Id.*

The parties devote much of their joint letter debating whether Plaintiff's "supplements" exceeded the scope of the stipulations and included new infringement contentions. The parties,

however, both fail to discuss how Patent L.R. 3-6 affects the resolution of this dispute. The Court finds that consideration of this Rule is dispositive. Patent L.R. 3-6 provides that infringement contentions may only be amended by an order of the Court upon a timely showing of good cause. When Judge Wilken originally granted the parties' stipulations, there was good cause to amend Plaintiff's infringement contentions because the parties had specifically agreed to the changes. But now, Defendant considers Plaintiff's amendments to be outside of the scope of the parties' stipulations. With Defendant no longer agreeing to the changes made by Plaintiff, there is no good cause for the amendments since Judge Wilken's orders relied on the parties' stipulations in finding that there was good cause.

      Defendant's argument that Plaintiff's amendments impermissibly include new infringement contentions under the doctrine of equivalents is a good example of why Patent L.R. 3-6 controls in this dispute. Having reviewed the amended infringement contentions, the Court agrees with Defendant that Plaintiff added the following new language to its Patent L.R. 3-1(d) Disclosure: "both literally and under the doctrine of equivalents . . . ." Dkt. No. 103, Ex. 2 at 2. Plaintiff argues that this change is immaterial because its original Disclosure stated that: "to the extent that any element of the asserted claims is found not to be literally present in the accused instrumentalties, [Plaintiff] contends that such element is present under the doctrine of equivalents." *Id.*, Ex. 1 at 2. But Plaintiff's argument misses the mark. Defendant stipulated that Plaintiff may amend its Disclosures to add "citations to [Defendant's] source code and technical documents." Dkt. No. 65. Defendant never agreed that Plaintiff could amend the language of its Patent L.R. 3-1(d) Disclosure to clarify its contentions regarding the doctrine of equivalents. Whether this amendment is material or immaterial is not the point. Rather, without a valid agreement (i.e., a "meeting of the minds") from the parties on this specific issue, Plaintiff's amendment is outside the scope of the stipulations. For Plaintiff to make such a change, it must seek relief under Patent L.R. 3-6 and the Court must determine if there is good cause for any amendments. It is here where the parties may brief what specific changes to the contentions are sought, why they are needed, if they are timely, whether they are futile, and any other relevant factors that the Court should consider.

1    For the foregoing reasons, the Court **GRANTS** Defendant's request to strike Plaintiff's
2 amended infringement contentions. If the parties cannot reach an agreement on which changes
3 comply with the parties' earlier stipulations and Plaintiff still seeks to amend its infringement
4 contentions, Plaintiff should seek relief from the Court under Patent L.R. 3-6.[1]

**IT IS SO ORDERED.**

Dated: December 2, 2011

_____

Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

---

[1] The parties each devote a few sentences in their joint letter arguing whether Plaintiff's inducing and contributory infringement allegations violate Patent L.R. 3-1(d). This issue does not appear to be related to the stipulations which are the principal part of this dispute and Plaintiff points out that it never sought to supplement its indirect infringement contentions. If the parties still wish for the Court to decide this dispute, they shall follow the guidelines of the Court's Standing Order and submit a joint discovery letter discussing the issues in further detail. *See* Court's Standing Order: Discovery & Dispute Procedures ( "The parties need not state all disputes in one letter; rather, it is preferable that the parties file a separate letter for each dispute").