IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRIFY CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>QUEST SOFTWARE, INC.,<br><br>    Defendant.<br>_____/ | No. C 10-3873 CW<br><br>ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL<br>(Docket No. 117) |

    On December 5, 2011, Defendant Quest Software, Inc., filed an amended administrative motion to file under seal Exhibits B through G in support of its Opposition to Plaintiff Centrify Corporation's Motion for Relief from Case Management Schedule. In support of its motion, Defendant submits a declaration stating that Exhibits B through G contain information designated as "Highly Confidential-Attorneys' Eyes Only" under the protective order in this case and describing the information contained in each exhibit.

    Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. <u>See</u> Civil L.R. 79-5(a). If a

document has been designated as confidential by another party, that party must file a declaration establishing that the document is sealable.  Civ. Local R. 79-5(d).

Defendant does not establish good cause to seal Exhibits B through G.  Defendant describes the contents of each exhibit and states that they are confidential or highly confidential.  Armon Decl. ¶¶ 2-7.  While Defendant explains the contents of the exhibits, Defendant does not explain why this information must be sealed.  See Phillips v. GMC, 307 F.3d 1206, 1210-1211 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result" if public disclosure is permitted.).

Accordingly, the Court DENIES Defendant's motion to seal. (Docket No. 117).  Within four days of the date of this Order, Defendant may file unredacted versions of their documents in the public record or may withdraw the exhibits.  Civ. L.R. 79-5(e).

IT IS SO ORDERED.

Dated: 12/13/2011

CLAUDIA WILKEN
United States District Judge

2