United States District Court
For the Northern District of California

1          IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  CENTRIFY CORPORATION,                    No. C 10-3873 CW

5          Plaintiff,                       ORDER GRANTING
                                            PLAINTIFF'S MOTION
6      v.                                   FOR RELIEF FROM
                                            CASE MANAGEMENT
7  QUEST SOFTWARE, INC.,                    SCHEDULE
                                            (Docket No. 108)
8          Defendant.

9  _____/

10

11      Plaintiff Centrify Corporation seeks relief from the case

12  management order's deadline for fact discovery for the limited

13  purpose of deposing a representative of third-party company Bank

14  of America, a customer of Defendant Quest Software, Inc.

15  Defendant opposes the motion.  The Court has taken the matter

16  under consideration on the papers.  For the reasons set forth

17  below, the Court GRANTS Plaintiff's motion.

                         BACKGROUND

18
19
20     At the December 14, 2010 case management conference in this

21  case, the fact discovery deadline was set as September 1, 2011.

22  Docket No. 33.

23     On July 1, 2011, Plaintiff served its first interrogatories

24  on Defendant.  Sandrock Decl., Ex. 1.  In Interrogatory Seven,

25  Plaintiff asked Defendant, <u>inter alia</u>, to identify the names of

26  customers who were sold the accused product and all documents

27  relating to such sales.  <u>Id.</u> at 7-8.  In Interrogatory Eight,
28

Plaintiff asked Defendant to identify and describe all non-privileged documents and communications between Defendant and any third party, including customers and potential customers, relating to the accused feature.  Id. at 8.

On August 3, 2011, Defendant responded to Plaintiff's interrogatories.  Armon Decl., Ex. G.  In response to Interrogatory Seven, Defendant did not identify any customers by name and instead only identified several documents that it stated were relevant to the interrogatory.  Id. at 14.  In response to Interrogatory Eight, Defendant stated, among other things, "Quest has produced a large number of communications with Bank of America relating to the subject matter of this Interrogatory."  Id. at 16. In other interrogatory responses, Defendant referred to "Quest customers" who use the accused features.  Id. at 20.

On August 12, 2011, after Plaintiff requested that Defendant supplement its responses, Defendant informed Plaintiff "that the only 'customer' referred to in its interrogatory was Bank of America."  Sandrock Decl. ¶ 4.  Plaintiff served a subpoena on Bank of America in North Carolina on August 18, 2011.  Sandrock Decl., Ex. 3.  On August 22, 2011, Defendant amended its response to Plaintiff's first set of interrogatories to state, "Based on the information presently available to Quest, Bank of America is the only domestic customer that uses the form of Mapped User functionality that Centrify accuses of infringement."  Sandrock Reply Decl. ¶ 2.

2

On August 31, 2011, Bank of America moved to quash Plaintiff's subpoena.  It is not clear whether Defendant knew that Bank of America had so moved, because Defendant stated that "Centrify indicated that it was unable to confirm a deposition date for Bank of America, but that it expected the deposition to proceed within days or, at most, a week or two."  Armon Decl. 10. After discussion on September 1, 2011, Defendant told Plaintiff in an email that it "is premature for Centrify to file a motion seeking to extend the discovery period for the purpose of deposing Bank of America," because at that point, "Centrify is unable to identify the length of its proposed extension."  Armon Decl., Ex. H.  Defendant also said that it would not argue a motion for extension should have been filed prior to the close of fact discovery, if a motion became necessary, and that it would not oppose a "short extension" of the fact discovery period "solely to depose Bank of America and if the extension does not unfairly prejudice Quest or affect other case deadlines."  Id.  In late October, while the motion to quash was pending, Defendant proposed potential dates for the Bank of America deposition, asking that it be scheduled at a time convenient for the parties and suggesting that the deadlines for expert reports be pushed back to accommodate the deposition.  Sandrock Decl. ¶ 8.

On October 28, 2011, the United States District Court for the Western District of North Carolina granted the motion to quash, finding the subpoena overbroad.  Sandrock Decl., Ex. 5.  Centrify

re-issued the subpoena on November 7, 2011.  Sandrock Decl.,

Ex. 6.  On November 18, 2011, Defendant filed a motion for a

protective order in the Western District of North Carolina,

seeking to prevent the deposition from going forward on the basis

of the schedule in the instant action.  Sandrock Decl., Ex. 7.  On

November 21, 2011, Bank of America also filed a motion to quash

Plaintiff's subpoena and for a protective order, also based in

part on the schedule in the instant action.  Sandrock Decl.,

Ex. 8.  These motions are pending.  See Centrify Corp. v. Quest

Software, Inc, Docket No. 3:11-mc-00177 (W.D. N.C.).

Plaintiff filed this motion on November 23, 2011, seeking

relief from the case management order's deadline for fact

discovery for the limited purpose of deposing a Bank of America

representative.  Plaintiff also filed a motion to shorten time on

the briefing and hearing schedules for the instant motion, which

this Court granted in part and denied in part on November 23,

2011.  Docket No. 110.

LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that a case

management schedule can be modified upon a showing of good cause

and by leave of the district judge. The Ninth Circuit has stated

that the "'good cause' standard primarily considers the diligence

of the party seeking the amendment.  The district court may modify

the pretrial schedule 'if it cannot reasonably be met despite the

diligence of the party seeking the extension.'"  Johnson v.

United States District Court
For the Northern District of California

Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)

(quoting Fed. R. Civ. P. 16 advisory committee's notes (1983

amendment)).  "Although the existence or degree of prejudice to

the party opposing the modification might supply additional

reasons to deny a motion, the focus of the inquiry is upon the

moving party's reasons for seeking modification."  Id. (citing

Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me.

1985)).

## DISCUSSION

Plaintiff argues that it could not reasonably complete the

deposition prior to the fact discovery deadline, because of Bank

of America's opposition to the subpoena and because of Defendant's

delay in identifying Bank of America as the only customer who

Defendant believes uses the accused feature.

Defendant argues that Plaintiff has not acted diligently for

a variety of reasons.  However, the Court is not persuaded that

Plaintiff should have been able to identify Bank of America as a

customer using the infringing feature through documents produced

prior to August 12, 2011.  While the original interrogatory

responses identify Bank of America as a third party with whom

Defendant may have had communications regarding the accused

feature, they do not identify Bank of America as being a customer

who uses that feature, and Plaintiff served a subpoena less than a

week after learning this information.  Further, given the ongoing

discovery efforts by both parties at the time, it does not appear

5

that Plaintiff lacked diligence by serving its first interrogatories on July 1, 2011.  Defendant also represented that it agreed that the deposition could occur as far after the fact discovery deadline as late October, and Defendant helped to create some of the subsequent delay through its motion to quash the second subpoena in mid-November.  Plaintiff diligently filed this motion five days after Defendant filed that motion to quash.

Accordingly, the Court finds that there is good cause to extend the fact discovery deadline for the limited purpose of allowing Plaintiff to depose a representative of Bank of America.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from the case management schedule is GRANTED (Docket No. 108).  The fact discovery deadline is extended for the limited purpose of allowing Plaintiff to take a deposition of a Bank of America representative within twenty days after either of the following events: (1) entry of an order in the Western District of North Carolina authorizing a deposition; or (2) agreement by Bank of America to make a representative available for deposition.

IT IS SO ORDERED.

Dated:  12/16/2011

CLAUDIA WILKEN
United States District Judge

6